**FILED** CH

FEB 2 0 2008 NF

Feb 20 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

YAODI HU                              )
                                      )
        Plaintiffs         )
    Vs.                        )
American Bar Association               )

08CV1033
JUDGE CASTILLO
MAGISTRATE JUDGE ASHMAN

# Complaint

1. Now comes plaintiff Yaodi Hu, pro se bringing this section 1983 action for a declaratory and injunctive relief against American Bar Association.

## Parties

2. Yaodi Hu is a resident of Illinois. Yaodi Hu was an IIT Chicago Kent College of Law student. He was a member of 1990 class.

3. American Bar Association is a voluntary bar association of lawyers and law students. The ABA has about 400,000 members.

## Jurisdiction

4. The Court has jurisdiction over this cause of action under 28 U.S.C.§1331 and 28 U.S.C. § 1343(a)(4), because the action arises under the laws of the United States. The requested relief is proper under 28 U.S.C. § 2202. An actual justiciable controversy exists between the Plaintiff and Defendant in the instant case.

## Venue

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), in that all the events giving rise to the claim arose in this district.

## Statement of Fact

6. Yaodi Hu completed about two years of credit hours at IIT Kent College of Law in 1991. Hu married and now he has three children of age of 13, 11 and 6.

7.  During the past decades, Hu has attempted several times trying to be re-enrolled in Kent and was unable to do so partially because ABA rules disallowing Hu's past credits.

8.  According to the ABA, it "provides law school accreditation." ABA accreditation is important not only because if affects the recognition of the law schools involved, but it also impacts a graduate's ability to practice law in a particular state. Specifically, in most jurisdictions, graduation from an ABA accredited law school is expressly stated as prerequisite towards being allowed to sit for that state's bar exam, and even for existing lawyers to be admitted to the bar of another state upon motion.

9.  Recently on February 15, 2008, Hu visited Kent College again and was told that ABA has a new rule of about two years, barring any credits earned more than seven years ago to be honored.

10. Upon information and belief, that rule applied retroactively without exception.

## ABA is a State Actor

11. Under many U.S. Supreme Court cases, such as ***Burton v. Wilmingto Parking authority***, 365 U.S. 715 (1961), ***Marsh v. State of Alabama*** 326 U.S. 501 (1946), ***Edmonson v. Leesville Concrete Company***, Inc., 500 U.S. 614 (1991), ***Lugar v. Edmondson Oil Company, Inc.*** 457 U.S. 922, 929 (1982), ABA is a state actor and its promulgation of its ABA rules are state action.

12. The Supreme Court Rule of State of Illinois 703 (b) states that "each applicant shall have pursued a course of law studies and fulfilled the requirements for and received a first degree in law from a law school approved by the American Bar Association."

13. "American Bar Association is a representative body upon whose accreditation decisions a state court or bar examining board properly may rely." See ***In Torjesen v. Smith***, 114 Ill.App.3d 147, 69 Ill.Dec. 813, 448 N.E.2d 273 (5 Dist. 1983), appeal dismissed, 465 U.S. 1015 (1984).

## Count I  Violation of Substantive Due Process of Law

14. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The Due Process Clause has a substantive component. See. E.g.,

*Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846-47 (1992)

15. The United States Supreme Court has stated that in addressing matters of substantive due process, the utmost care must be taken when being asked to break new ground in Fourteenth Amendment jurisprudence. *Collins v. Harker Hts.* 503 U.S.115, 125 (1992).

16. In any substantive due process case, the Court must first determine the standard of review *Sammon v. New Jersey Bd. Of Medical Examiners*, 66 F.3d 639, 643-44 (3rd Cir. 1995). The choice of standard of review turns on whether a "fundamental right" is at stake. *Id.*

17. The Supreme Court in *Meyer v. Nebraska*, 262 U.S. 390, 399, (1923) acknowledged a fundamental interest inherent in the right to engage in any of the common occupations of life.

18. Deprivation of that fundamental right to pursue one's calling of practicing law therefore, must be evaluated under a compelling interest test. *Shapiro v. Thompson* (1969), 394 U.S. 618. Accordingly, the legislation must be narrowly tailored to serve a compelling governmental interest. *Reno v. Flores* (1993), 507 U.S. 292, 301-302.

19. Hu hereby challenge the ABA rule as both unconstitutional on its face and as applied to him. That ABA rule deprives Hu's substantive due process right under the Fourteenth Amendment.

20. Hu did not go back to law school within seven years because he married and raised three children. Under *Roe v. Wade* 410 U.S. 113, 152 (1973), ABA's seven year rule impinge upon Hu's fundamental liberty interest related to his marriage and child rearing. See also *Carey v. Population Services International* 431 U.S. 678, 684 (1977), *Planned Parenthood of Southeastern Pennsylvania v. Casey* 505 U.S. 833 (1992).

21. "Where certain 'fundamental rights' are involved, the Courts has held that regulation limiting these rights may justified only by a 'compelling state interest.' Kramer v. Union Free School, 395 U.S. 621, 627, 89 S.Ct. 1886, 1890, 23 L.Ed.2d 583 (1969); Shapiro v. Thompson 394 U.S. 618, 634, 89 S.Ct.1322, 1331, 22 L.Ed.2d 600 (1969); Sherbert v. Verner, 374 U.S. 398 406, 83 S.Ct. 1790, 1795, 10 L.Ed.2d 965 (1963), and that legislative enactments must be narrowly drawn to express only the legitimate state interests at stake. Griswold v. Connecticut, 381 U.S. at 485, 85 S.Ct., at 1682; Aptheker v. Secretary of State, 378 U.S. 500, 508, 84 S.Ct. 1659, 1664, 12 L.Ed.2d 992

(1964); *Cantwell v. Connecticut*, 310 U.S. 296, 307-308, 60 S.Ct. 900, 904-905, 84 L.Ed. 1213 (1940)" ***Roe v. Wade*** 410 U.S. 113, 155 (1973).

22. In ***Carey v. Population Services International*** 431 U.S.678, 684-685 (1977), ***Roe v. Wade***, 410 U.S. 113, 152 (1973), ***Planned Parenthood of Southeastern Pensylvania v. Casey*** 505 U.S. 833, the Supreme Court of U.S. consistently held that education is a constitutionally protected fundamental liberty interest. "Thus all fundamental rights comprised within the term liberty are protected by the Federal Constitution from invasion by the States." ***Whitney v. California***, 274 U.S. 357, 373 (1927). That liberty interest is protected by the substantive due process clause of the Fourteenth Amendment.

## Count II. Violation of Procedural Due Process Law

23. For purposes of procedural due process, property is "a legitimate claim of entitlement." ***Bd. Of Regents of State Colls. v. Roth***, 408 U.S. 564, 577 (1972). A claim of entitlement is not created by federal law; instead it is created and ...defined by existing rules or understandings that stem from an independent source such as state law---rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." ***Id***. See also ***Ulichny v. Merton Cmty. Sch.Dist.***, 249 F.3d 686, 700 (7th Cir. 2001). ***Johnson v. City of Fort Wayne***, 91 F.3d 922, 943 (7th Cir. 1996).

24. Illinois Courts have found that the payment of tuition to an educational institution ordinarily gives rise to an implied contract. Hu has property interest in his law school credit hours he completed. His property interest in his law school credit is defined by contract law in State of Illinois. See ***Johnson v. Lincoln Christian Coll.***, 150 Ill.App.3d 733, 103 Ill.Dec. 842, 501 N.E.2d 1380 (1986). See also ***Easley v. University of Michigan Board of Regents*** 627 F.Supp.580 (E.D. Mich. 1986). ***Perry v. Sindermann*** 408 U.S. 593 (1972).

25. ABA's seven year rule disallowing the student earned credit in law school is arbitrary and irrational and unconstitutional. See ***Marozsan v. United States*** 852 F.2d 1469, 1480 (7th Cir. 1988). One's life experience can substantially contribute to one's understanding of the substantive law. One's job experience, if related with law can also substantially enhance one's understanding of law.

26. The unilateral change of rule by ABA deprived Hu's property interest without due

4

process of law under Fourteenth Amendment. *Mullane v. Central Hanover Bank Trust Co*. 339 U.S. 306 (1950).

## Count III.  Violation of Equal Protection Clause of 14th Amendment

27.  ABA rule essentially created two classes of students, one is within that seven years whose credit hours would be honored and the other is those beyond that seven years whose credit hours would not be honored.

28.  ABA's classification of those two classes is irrational and unrelated to its policy consideration.  It's classification can't pass rational basis analysis.

29. Since the underlying interest of practicing law as one's calling is a fundamental interest *Meyer v. Nebraska*, 262 U.S. 390, 399, (1923), the classification is subject to strict scrutiny, *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450 (1988).  Whatever the compelling governmental interest there is, it is certainly not narrowly tailored to further that interest.


## Prayer of Relief:

30.  Plaintiff is seeking declaratory and injunctive relief.  The ABA rule is unconstitutional on its face.  Plaintiff is seeking to be enrolled in 2008 fall class.


Respectfully submitted:    Yaodi Hu        yaodi_hu@sbcglobal.net    (773) 216- 3173

219 w. Cermak Chicago IL 60616