IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 1033 |
| ) | |
| ) | Judge Ruben Castillo |
| AMERICAN BAR ASSOCIATION ) | |
| ) | |
| Defendant. ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Yaodi Hu and defendant American Bar Association ("ABA") hereby submit this Joint Initial Status Report to the Court pursuant to the Court's Case Management Procedures. The attorneys of record for the parties are as follows:

Attorneys for Plaintiff: Yaodi Hu (pro se); 218 W. Cermak; Chicago, IL 60616; (773) 216-3173. Attorneys for Defendant: Michael Doss (lead trial attorney); Susan Spies Roth; Sidley Austin LLP; One South Dearborn Street, Chicago, Illinois 60603: (312) 853-7000.

**A. Nature of the Case.**

(1) **Bases for Federal Jurisdiction.** The jurisdiction of the court is invoked under 28 U.S.C. § 1331, as this is a dispute allegedly arising under the laws of the United States. Jurisdiction is not disputed.

(2) **Nature of Claims and Counterclaims.** The ABA is an accrediting agency for law schools, and the accreditation process is governed by written Standards. In this action under 42 U.S.C. § 1983, plaintiff alleges that ABA Standard 304(c), which provides that a law school course of study shall be completed "no later than 84 months after a student has commenced law study," violates his constitutional rights. Plaintiff alleges that he completed

"about two years of credit hours at IIT Kent College of Law in 1991," and is precluded by Standard 304(c) from now applying those credits towards a law degree from that school. (Cmplt. ¶¶ 6-9.) Plaintiff alleges violations of his rights to substantive due process (Count I), procedural due process (Count II) and equal protection (Count III) under the Fourteenth Amendment to the Constitution of the United States. There are no counterclaims.

(3) **Relief Sought.** Plaintiff is seeking declaratory and injunctive relief from this Court declaring ABA Standard 304(c) unconstitutional. (Cmplt. ¶ 30). Plaintiff does not currently seek damages, but may later amend his Complaint to seek damages.

(4) **Principal Issues.** Defendant ABA's Statement: The principal issues in this case are: (1) whether the ABA, as a private accrediting agency for law schools, is a state actor that may properly be sued for alleged violations of plaintiff's constitutional rights; and (2) whether ABA Standard 304(c) should be declared unconstitutional as violative of Plaintiff's alleged Fourteenth Amendment rights. Key authorities concerning the state actor issue are: *Lawline v. American Bar Association,* 956 F.2d 1378 (7th Cir. 1992); *Peoria Sch. of Business v. ACCET*, 805 F. Supp. 579 (N.D. Ill. 1992); *Rohan v. American Bar Association*, 1995 WL 347035 (E.D.N.Y. May 31, 1995). Key authorities on the appropriate review standard for accrediting agency decisions are: *Chicago Sch. of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Schs. and Colleges,* 44 F.3d 447 (7th Cir. 1994); *Thomas M. Cooley Law Sch. v. American Bar Association,* 459 F.3d 705 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 985 (2007).

**Plaintiff Hu's Statement:** (1) This Court will have jurisdiction under the doctrine of common law due process. *See Thomas M. Cooley Law Sch. v. American Bar Association* 459 F.3d 705 (6th Cir. 2006). (2) Whether ABA is a state actor turns on the fact if Standard 304 (c)

allows any exception.  (3)  Whether ABA is a state actor is a mixed question of fact and law.  As is indicated by the Supreme Court: "While the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated, the question whether particular conduct is 'private,' on the one hand, or 'state action,' on the other, frequently admits of no easy answer.  *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 723, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961); *Moose Lodge No. 107 v. Irvis, supra*, 407 U.S. at 172, 92 S.Ct. at 1971."  See *Jackson v. Metropolitan Edison Company* 419 U.S. 345, 350 (1974).  (4)  Plaintiff invited ABA several times to clarify if Standard 304 (c) allows any exception.   Plaintiff also indicated that if ABA chooses to modify its policy, it can render this case moot.  (5)  Plaintiff Hu alleged that his fundamental right of marriage, child rearing is impinged upon by the Standard 304 (c ). (Complaint ¶¶ 20-21).  In *Cleveland Board of Education v. Cohen v. Chesterfield County School Board,* 414 U.S. 632 (1974), under the substantive due process clause of the Fourteenth Amendment, the Supreme Court invalidated a mandatory unpaid maternity leave beginning five months before the expected birth of a public school teacher's child.  The rule of mandatory leave impinged upon the fundamental liberty interest of marriage and child rearing.  (6)  Without allowing an exception, Standard 304 (c) creates an irrebuttable  presumption,  which violated procedural due process under the Fourteenth Amendment.  See *Vlandis v. Kline*  412 U.S. 441,  (1973),  *United States Department of Agriculture v. Murry* 413 U.S. 508 (1973). *Stanley v. Illinois* 405 U.S. 645 (1972).  (7)  Under *West v. Atkins*  487 U.S. 42 (1988), ABA is state actor.

   (5) **List of Pending Motions.** On April 11, 2008, the ABA filed a Motion to Dismiss Plaintiff's Complaint.  No other motions are currently pending.

B. **Preparation of Draft Scheduling Order.**

    (1) **Description of Discovery Requested and Exchanged.** The parties have not yet commenced discovery. The ABA requests that any discovery be stayed pending the Court's consideration of its motion to dismiss. The ABA further requests that any required Rule 26 disclosures also be stayed pending the Court's consideration of the ABA's motion to dismiss.

    (2) **Rule 16(b) Scheduling and Planning.** The ABA requests that no scheduling order be entered under Rule 16(b), other than a briefing schedule on the ABA's motion to dismiss, pending the Court's consideration of the ABA's motion to dismiss.

C. **Trial Status.**

    (1) **Whether a Request Has Been Made for a Jury Trial.** No request has yet been made for a jury trial. Plaintiff Hu contends that he shall seek a jury trial if he files an amended complaint asserting a claim for damages.

    (2) **Probable Length of Trial.** The parties anticipate any trial, if necessary, would take fewer than two days.

D. **Consent to Proceed Before a Magistrate Judge.** The parties have not consented to proceed before a magistrate judge.

E. **Settlement Status.** The parties have had discussions regarding possible resolutions of this action without involvement of the Court. These discussions have been unsuccessful.

Dated: April 17, 2008.

| | |
|---|---|
| **YAODI HU** | **THE AMERICAN BAR ASSOCIATION** |
| By:_s/Yaodi Hu_____ | By:__s/Michael Doss_____ |
| Yaodi Hu<br>218 W. Cermak<br>Chicago, IL  60616<br>(773) 216-3173 | Michael Doss<br>Susan Spies Roth<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, Illinois  60603<br>(312) 853-7000 |

## **CERTIFICATE OF SERVICE**

I, Susan Spies Roth, an attorney, hereby certify that on this 17th day of April, 2008, I caused a true and correct copy of the foregoing **Joint Initial Status Report** to be served via Federal Express upon:

> Yaodi Hu
> 219 W. Cermak
> Chicago, IL  60616

By:  s/Susan Spies Roth