UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| YAODI HU              )  |  |
|                       )  | No. 08 CV 1033 |
| Plaintiffs            )  |  |
| Vs.                   )  | Judge Ruben Castillo |
| American Bar Association  &  ) |  |
| Illinois Institute of Technology   )  | Jury Demand |
| Chicago Kent College of Law   )  |  |

# First Amended Complaint

1. Now comes plaintiff Yaodi Hu, pro se bringing this section 1983 action for a declaratory and injunctive relief against American Bar Association and Illinois Institute of Technology Chicago Kent College of Law.

## Procedural History of the Case

2. Plaintiff filed his case on February 20, 2008.

3. April 11, 2008 defendant ABA filed its motion to dismiss.

4. April 22, 2008 this Court held a status hearing, giving plaintiff Hu 30 days to respond to ABA's motion to dismiss.

## Hu's Right to Amend his Complaint under Rule 15

5. Motion to dismiss is not 'pleading' for purpose of Rule 15 (a). **_Albany Ins. Co. v. Almacenadora Somex, S.A._** (1993, CA5 Tex) 5 F.3d 907.

6. Under FRCP 15 (a), plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. see **_Rogers v. Girard Trust Co_**. 159 F.2d 239, (6 Cir. 1947).

7. Plaintiff's First Amended Complaint will render defendants' Motion to dismiss moot. See **_Turner v. Kight_** 192 F. Supp.2d 391, 397 (D.Md.2002) (denying as moot the

1

motions to dismiss on the basis that amended complaint supersedes the original complaint).

8. The amended complaint is now the operative complaint due to its superseding nature. **_Washer v. Built County_** 110 U.S. 558, 562 (1884); **_Bancoult v. McNamara_** 214 F.R.D. 5, 13 (noting that "the original complaint is now superseded by the amended complaint").

9. The Seventh Circuit in **_La Batt v. Twomey_**, 513 F.2d 641, 650-651 (7th Cir. 1975) held that "In this circuit, a motion to dismiss does not constitute such a responsive pleading. Fuhrer v. Fuhrer, 292 F.2d 140 (7th Cir. 1961); Thomas v. Pate, supra, 493 F.2d at 162. Similarly, the weight of authority indicates that a motion for summary judgment is not a responsive pleading. Rogers v. Girard Trust co., 159 F.2d 239, 241 (6th Cir. 1947); 3 Moore, Federal Practice, P15.07 (2). Accordingly, plaintiffs had the right to amend their pleading without leave," _id_ at 651.

10. Plaintiff Hu has the absolute right under the Rule 15 amend his complaint as a matter of course. **_Anderson v. USAA Cas. Inc. Co._** (2003, DC Dist Col) 218 FRD 307.

11. Plaintiff Hu amend his complaint in response to defendants' motion to dismiss.

## Parties

12. Yaodi Hu is a resident of Illinois. Yaodi Hu was an IIT Chicago Kent College of Law student. He was a member of 1990 class.

13. Chicago Kent College of Law is now a part of Illinois Institute of Technology, located at 3300 S. Federal Street Chicago IL 60616.

14. American Bar Association is a voluntary bar association of lawyers and law students. The ABA has about 400,000 members.

## Jurisdiction

15. The Court has jurisdiction over this cause of action under 28 U.S.C.§1331 and 28 U.S.C. § 1343(a)(4), because the action arises under the laws of the United States. The requested relief is proper under 28 U.S.C. § 2202. An actual justiciable controversy exists between the Plaintiff and Defendant in the instant case. This Court also has jurisdiction under the doctrine of common law due process. See *Thomas M. Cooley Law Sch. V. American Bar Association* 459 F.3d 705 (6th Cir. 2006).

## Venue

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), in that all the events giving rise to the claim arose in this district.

## Statement of Fact

17. Yaodi Hu completed about two years of credit hours at IIT Kent College of Law in 1991. Hu married and now he has three children of age of 13, 11 and 6.

18. During the past decade, Hu has attempted several times trying to be re-enrolled in Kent and was unable to do so partially because ABA rules disallowing Hu's past credits.

19. The Supreme Court Rule of State of Illinois 703 (b) states that "each applicant shall have pursued a course of law studies and fulfilled the requirements for and received a first degree in law from a law school approved by the American Bar Association."

20. Through Supreme Court of Illinois Rule 703 (b), the State of Illinois delegate complete regulatory authority to ABA. Essentially, ABA is a super legislature, super judiciary, and super executive in terms prosecution with complete delegation of authorities from the states all across the country when it comes to the regulation of law schools.

21. According to the ABA, it "provides law school accreditation." ABA accreditation is important not only because if affects the recognition of the law schools involved, but it

3

also impacts a graduate's ability to practice law in a particular state.  Specifically, in most jurisdictions, graduation from an ABA accredited  law school is expressly stated as prerequisite towards being allowed to sit for that state's bar exam, and even for existing lawyers to be admitted to the bar of another state upon motion.

22. Recently on February 15, 2008,  Hu visited Kent College again and was told that ABA has a new rule of about two years, barring any credits earned more than seven years ago to be honored.

23. March 15, 2008, Hu visited Kent College.  Hu was attempting to submit an application for re-enrollment for the fall of 2008 to Kent College of Law.   Both Hu's application and  the application fee was rejected by the associate dean of the student affairs of the Kent College.  University counsel was involved in making that decision on March 15, 2008.   Kent College of Law was allegedly following the ABA Standard 304.

24. ABA Standard 304 (c ) has disproportional and disparate impact upon minorities law students such as Hispanic and African American and persons like plaintiff.

25. Upon information and belief, that rule applied retroactively without exception.

## ABA is a State Actor

26.  Under many U.S. Supreme Court cases, such as ***Burton v. Wilmington Parking Authority***, 365 U.S. 715 (1961),  ***Marsh v. State of Alabama*** 326 U.S. 501 (1946), ***Edmonson v. Leesville Concrete Company***, Inc., 500 U.S. 614 (1991), ***Lugar v. Edmondson Oil Company, Inc.*** 457 U.S. 922,  929 (1982),  ABA is a state actor and its promulgation of its ABA rules are state action.

27. As is indicated by the Supreme Court: "While the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated, the question whether particular conduct is 'private,' on the one hand, or

4

'state action,' on the other, frequently admits of no easy answer. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 723, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961); *Moose Lodge No. 107 v. Irvis,* supra, 407 U.S. at 172, 92 S.Ct. at 1971." See *Jackson v. Metropolitan Edison Company* 419 U.S. 345, 350 (1974).

28. "American Bar Association is a representative body upon whose accreditation decisions a state court or bar examining board properly may rely." See *In Torjesen v. Smith*, 114 Ill.App.3d 147, 69 Ill.Dec. 813, 448 N.E.2d 273 (5 Dist. 1983), appeal dismissed, 465 U.S. 1015 (1984).

29. Defendant ABA claimed that it is not a state actor. To reach that conclusion, ABA's reliance upon *Lawline v. American Association*, 956 F.2d 1378 (1992) which in turn relied upon *National Collegiate Athletic Association v. Tarkanian* 488 U.S. 179 is misplaced. *Tarkanian* is a close case of 5-4 decision. The majority focused upon the fact that the state university of Nevada could withdraw from NCAA. The Court also emphasized that NCAA is adversary to State University of Nevada. And therefore the state action of State University of Nevada can't convert NCAA's private action into state action. The Court specifically pointed out that "UNLV retained the authority to withdraw from the NCAA and establish its own standards." *Id* at 194. IIT Kent certainly does not have choice not to be accredited by ABA. IIT Kent can't establish its own standard because of the Supreme Court Rule 703 (b) of State of Illinois. ABA carries "a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1961).

30. In *Mckeesport Hosp. v. Accreditation Council* 24 F.3d 519 (3rd Cir. 1994) the concurring judge Honorable Becker's opinion is more persuading. In Becker's opinion, defendant's action is state action because Pennsylvania has totally ceded any

5

meaningful responsibility to conduct reviews to defendant.  In Becker's opinion, the case is not controlled by _National Collegiate Athletic Association v. Tarkanian_, 488 U.S. 179 (1988), where the state took the final action that harmed the plaintiff. "Consequently, we must determine whether state action exists either because there is a 'nexus' between the Board and the ACGME, _see Jackson v. Metropolitan Edison Co._, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.E.2d 477 (1974), or a 'joint participant' relationship between the Board and the ACGME, _see Burton v. Wilmington Parking Authority_ 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed. 2d 45 (1961).  In my view there is state action under either a 'nexus' or 'joint participant' approach." _See Mckeesport Hosp. v. Accreditation Council_ 24 F.3d 519 (3rd Cir. 1994)

31. In fact, the Supreme Court case of _**West v. Atkins**_  487 U.S. 42 (1988) presents a similar situation this instant case.   _**West v. Atkins**_ is a 9-0 unanimous decision.  Actions by a private physician contracted by prison authority  are considered state action.  In _**West v. Atkins**_, "Doctor Atkins is authorized and obliged to treat prison inmates, such as West. He does so 'clothed with the authority of state law." _**Id**_ at  55.  In our instant case, ABA is authorized and obliged to  set the standard for a law school and approve or disapprove a law school in the State of Illinois because of the Supreme Court Rule 703 by State of Illinois.  ABA does so "clothed with the authority of state law".  See _**United States v. Classic,**_ 313 U.S. 299, 326 (1941).  In _**West v. Atkins**_, "the State delegated that function to respondent Atkins; and respondent voluntarily assumed that obligation by contract." _**Id**_ at 56.    In our instant case, the State of Illinois delegated its function of regulating the law school to ABA and ABA voluntarily assumed that obligation.  In _**West v. Atkins**_, "it is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the  State" _**id**_ at 56.  Unlike the case of _**Bates v. State bar of Arizona**_, 433 U.S. 350,

6

(1977) where the States retains the plenary role of rule making, and unlike the case of *Lawline v. American Bar Ass'n* 956 F.2d 1378 (7th Cir. 1992), relied upon by the defendant ABA, where the State of Illinois adopted and retained plenary power to reexamine those standards, in our instant case, State of Illinois delegated complete authority and discretion to ABA in the area of regulating the law school. ABA's insistence and its position that it is not a state actor is quite incompatible with its prestigious, powerful and monopolistic position it enjoys and the critical functions it plays within the State of Illinois in terms of regulating the law school.

## Count I  Violation of Substantive Due Process of Law

32. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  The Due Process Clause has a substantive component.  See. E.g., *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846-47 (1992)

33. The United States Supreme Court has stated that in addressing matters of substantive due process, the utmost care must be taken when being asked to break new ground in Fourteenth Amendment jurisprudence. *Collins v. Harker Hts.* 503 U.S.115, 125 (1992).

34. In any substantive due process case, the Court must first determine the standard of review *Sammon v. New Jersey Bd. Of Medical Examiners*, 66 F.3d 639, 643-44 (3rd Cir. 1995).  The choice of standard of review turns on whether a "fundamental right" is at stake. *Id.*

35. The Supreme Court in *Meyer v. Nebraska*, 262 U.S. 390, 399, (1923) acknowledged a fundamental interest inherent in the right to engage in any of the common occupations of life.

7

36. Deprivation of that fundamental right to pursue one's calling of practicing law therefore, must be evaluated under a compelling interest test. ***Shapiro v. Thompson*** (1969), 394 U.S. 618. Accordingly, the legislation must be narrowly tailored to serve a compelling governmental interest. ***Reno v. Flores*** (1993), 507 U.S. 292, 301-302.

37. Hu hereby challenge the ABA rule as both unconstitutional on its face and as applied to him. That ABA rule deprives Hu's substantive due process right under the Fourteenth Amendment.

38. Hu did not go back to law school within seven years because he married and raised three children. Under ***Roe v. Wade*** 410 U.S. 113, 152 (1973), ABA's seven year rule impinge upon Hu's fundamental liberty interest related to his marriage and child rearing. See also ***Carey v. Population Services International*** 431 U.S. 678, 684 (1977), ***Planned Parenthood of Southeastern Pennsylvania v. Casey*** 505 U.S. 833 (1992).

39. In ***Cleveland Board of Education v. Cohen v. Chesterfield County School Board*** 414 U.S. 632 (1974), under the substantive due process clause of the Fourteenth Amendment, the Supreme Court invalidated a mandatory unpaid maternity leave beginning five months before the expected birth of a public school teacher's child. The rule of mandatory leave impinged upon the fundamental liberty interest of marriage and child rearing.

40. "Where certain 'fundamental rights' are involved, the Courts has held that regulation limiting these rights may justified only by a 'compelling state interest.' Kramer v. Union Free School, 395 U.S. 621, 627, 89 S.Ct. 1886, 1890, 23 L.Ed.2d 583 (1969); Shapiro v. Thompson 394 U.S. 618, 634, 89 S.Ct.1322, 1331, 22 L.Ed.2d 600 (1969); Sherbert v. Verner, 374 U.S. 398 406, 83 S.Ct. 1790, 1795, 10 L.Ed.2d 965 (1963), and that legislative enactments must be narrowly drawn to express only the legitimate state

8

interests at stake. Griswold v. Connecticut, 381 U.S. at 485, 85 S.Ct., at 1682; Aptheker v. Secretary of State, 378 U.S. 500, 508, 84 S.Ct. 1659, 1664, 12 L.Ed.2d 992 (1964); Cantwell v. Connecticut, 310 U.S. 296, 307-308, 60 S.Ct. 900, 904-905, 84 L.Ed. 1213 (1940)" **_Roe v. Wade_** 410 U.S. 113, 155 (1973).

41. In *Carey v. Population Services International* 431 U.S.678, 684-685 (1977), **_Roe v. Wade_**, 410 U.S. 113, 152 (1973), **_Planned Parenthood of Southeastern Pensylvania v. Casey_** 505 U.S. 833, the Supreme Court of U.S. consistently held that education is a constitutionally protected fundamental liberty interest. "Thus all fundamental rights comprised within the term liberty are protected by the Federal Constitution from invasion by the States." **_Whitney v. California_**, 274 U.S. 357, 373 (1927). That liberty interest is protected by the substantive due process clause of the Fourteenth Amendment.

## Count II.  Violation of Procedural Due Process Law

42. For purposes of procedural due process, property is "a legitimate claim of entitlement." **_Bd. Of Regents of State Colls. v. Roth_**, 408 U.S. 564, 577 (1972). A claim of entitlement is not created by federal law; instead it is created and …defined by existing rules or understandings that stem from an independent source such as state law---rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." **_Id_**. See also **_Ulichny v. Merton Cmty. Sch.Dist_**., 249 F.3d 686, 700 (7th Cir. 2001). **_Johnson v. City of Fort Wayne_**, 91 F.3d 922, 943 (7th Cir. 1996).

43. Illinois Courts have found that the payment of tuition to an educational institution ordinarily gives rise to an implied contract. Hu has property interest in his law school credit hours he completed. His property interest in his law school credit is defined by contract law in State of Illinois. See **_Johnson v. Lincoln Christian Coll_**., 150

9

Ill.App.3d 733, 103 Ill.Dec. 842, 501 N.E.2d 1380 (1986).  See also *Easley v. University of Michigan Board of Regents*  627 F.Supp.580 (E.D. Mich. 1986).  *Perry v. Sindermann*  408 U.S. 593 (1972).

44. ABA's seven year rule disallowing the student earned credit in law school is arbitrary and irrational and unconstitutional.  See *Marozsan v. United States* 852 F.2d 1469, 1480 (7th Cir. 1988).  One's life experience can substantially contribute to one's understanding of the substantive law.  One's job experience, if related with law can also substantially enhance one's understanding of law.

45. The unilateral change of rule by ABA deprived Hu's property interest without due process of law under Fourteenth Amendment.  *Mullane v. Central Hanover Bank Trust Co*. 339 U.S. 306 (1950).

46. Without allowing an exception, ABA's Standard 304 (c) creates an irrebuttable presumption,  which violated procedural due process under the Fourteenth Amendment.  See *Vlandis v. Kline*  412 U.S. 441,  (1973),  *United States Department of Agriculture v. Murry* 413 U.S. 508 (1973).  *Stanley v. Illinois* 405 U.S. 645 (1972)

47. "Statutes creating permanent irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments. In Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932), the Court was faced with a constitutional challenge to a federal statute that created a conclusive presumption that gifts made within two years prior to the donor's death were made in contemplation of death, thus requiring payment by his estate of a higher tax. In holding that this irrefutable assumption was so arbitrary and unreasonable as to deprive the taxpayer of his property without due process of law, the Court stated that it had 'held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut it violates the due process clause of the Fourteenth Amendment.' Id., at 329, 52

10

S.Ct., at 362. See, e.g., Schlesinger v. Wisconsin, 270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 557 (1926); Hoeper v. Tax Comm'n, 284 U.S. 206, 52 S.Ct. 120, 76 L.Ed. 248 (1931). See also Tot v. United States, 319 U.S. 463, 468—469, 63 S.Ct. 1241, 1245—1246, 87 L.Ed. 1519 (1943); Leary v. United States, 395 U.S. 6, 29—53, 89 S.Ct. 1532, 1544—1557, 23 L.Ed.2d 57 (1969). Cf. Turner v. United States, 396 U.S. 398, 418—419, 90 S.Ct. 642, 653—654, 24 L.Ed.2d 610 (1970)." *Vlandis v. Kline* at 446

48. "Likewise, in Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), the Court struck down, as violative of the Due Process Clause of the Fourteenth Amendment, Illinois' irrebuttable statutory presumption that all unmarried fathers are unqualified to raise their children. Because of that presumption, the statute required the State, upon the death of the mother, to take custody of all such illegitimate children, without providing any hearing on the father's parental fitness. It may be, the Court said, 'that most unmarried fathers are unsuitable and neglectful parents. . . . But all unmarried fathers are not in this category; some are wholly suited to have custody of their children.' Id., at 654, 92 S.Ct., at 1214. Hence, the Court held that the State could not conclusively presume that any individual unmarried father was unfit to raise his children; rather, it was required by the Due Process Clause to provide a hearing on that issue. According to the Court, Illinois 'insists on presuming rather than proving Stanley's unfitness solely because it is more convenient to presume than to prove. Under the Due Process Clause that advantage is insufficient to justify refusing a father a hearing . . ..' Id., at 658, 92 S.Ct., at 1216.4" *Vlandis v. Kline* at 447.

## Count III.  Violation of Equal Protection Clause of 14th Amendment

49. ABA rule essentially created two classes of students, one is within that seven years whose credit hours would be honored and the other is those beyond that seven years

whose credit hours would not be honored.

50. ABA's classification of those two classes is irrational and unrelated to its policy consideration. It's classification can't pass rational basis analysis.

51. Since the underlying interest of practicing law as one's calling is a fundamental interest **_Meyer v. Nebraska_**, 262 U.S. 390, 399, (1923), the classification is subject to strict scrutiny**. _Kadrmas v. Dickinson Public Schools_**, 487 U.S. 450 (1988). Whatever the compelling governmental interest there is, it is certainly not narrowly tailored to further that interest.

52. It is also important to point out, ABA Standard 304 (c ) has disproportional impact upon minorities law students such as Hispanic and African American. The disparate impact upon minority also violated equal protection clause of Fourteenth Amendment.

## Prayer of Relief:

53. Plaintiff is seeking declaratory and injunctive relief. The ABA rule is unconstitutional on its face. Plaintiff is seeking to be enrolled in 2008 fall class. Plaintiff is also seeking prospective monetary damages if he is prevented from re-enrolling in Kent in Fall 2008.

Respectfully submitted:    Yaodi Hu        yaodi_hu@sbcglobal.net    (773) 216- 3173

219 w. Cermak Chicago IL 60616