**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YAODI HU, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>AMERICAN BAR ASSOCIATION, and )<br>ILLINOIS INSTITUTE OF TECHNOLOGY )<br>CHICAGO KENT COLLEGE OF LAW )<br>)<br>    Defendants. ) | No. 08 CV 1033<br><br>Judge Ruben Castillo |

**MEMORANDUM IN SUPPORT OF THE AMERICAN BAR ASSOCIATION'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Yaodi Hu's pro se First Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because he has failed to state, and cannot state, a claim upon which relief can be granted.[1]  Mr. Hu claims violations of his alleged substantive and procedural due process and equal protection rights under the Fourteenth Amendment, and seeks an order from this Court declaring "unconstitutional on its face" ABA Standard 304(c). (Am. Cmplt. ¶ 53.)  This Standard, which applies to every law school in the United States that seeks ABA accreditation, provides that a law school course of study shall be completed "no later than 84 months [7 years] after a student has commenced law study."

---

[1] Mr. Hu's original complaint was served on defendant American Bar Association ("ABA") on February 20, 2008.  The ABA moved to dismiss Mr. Hu's complaint on April 11, 2008.  On April 22, 2008 (before his response became due on the motion to dismiss), Mr. Hu filed his First Amended Complaint, which added the Illinois Institute of Technology Chicago Kent College of Law as a defendant.

Mr. Hu's claims all fail because, as numerous courts have concluded (including the Third and Eighth Circuits), private accrediting bodies such as the ABA are not "state actors" that can be subject to constitutional claims under 42 U.S.C. § 1983. In fact, not only has the ABA never been found to be a state actor, but the Seventh Circuit and two district courts have specifically rejected claims, such as are asserted here, that the ABA's conduct as a private standard-setting body (whether concerning accreditation or attorney ethics), is transformed into state action simply because the government or courts independently decide to adopt the ABA's decisions. *See Lawline v. American Bar Association.,* 956 F.2d 1378, 1384 (7th Cir. 1992); *Rohan v. American Bar Association*, 1995 WL 347035 (E.D.N.Y. May 31, 1995).

Even ignoring that the ABA is not a state actor, Mr. Hu has not alleged, nor can he, that he has a constitutionally-protected property interest to apply credit hours he earned in 1990 and 1991 towards a law school degree 17 years later. Finally, even if Mr. Hu had such a constitutionally-protected property right, it is nevertheless well established that courts review the standards of an accrediting agency like the ABA with great deference, looking only to whether such standards are arbitrary or unreasonable. Standard 304(c) is entitled to such deference, being neither arbitrary nor unreasonable, especially when considered in light of Mr. Hu's 17-year gap in his legal education. Accordingly, even if the ABA were a state actor – which it is not -- there is no basis on which Mr. Hu's claims might prevail.

## FIRST AMENDED COMPLAINT ALLEGATIONS

The ABA accredits law schools. (Am. Cmplt. ¶ 21.) Such accreditation decisions are governed by written Standards. *See, Thomas M. Cooley Law Sch. v. American Bar Association*, 459 F.3d 705, 707 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 985 (2007).

Mr. Hu alleges he was a student at IIT Chicago Kent College of Law ("Chicago Kent") and had completed "about two years of credit hours" in 1991. (Am. Cmplt. ¶ 17.) He contends he is now seeking to re-enroll, but has been informed by Chicago Kent that it will not honor his credits from 1990 and 1991 because of an ABA standard "barring any credits earned more than seven years ago to be honored." (Am. Cmplt. ¶ 22.) The referenced rule is Standard 304(c), which provides:

> (c) A law school shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later than 84 months after a student has commenced law study at the law school or a law school from which the school has accepted transfer credit.

This Standard is part of the Standards governing "Course of Study and Academic Calendar" for law schools, which also include minimum requirements for the length of the academic year (130 days), hours of study needed for graduation (58,000 minutes), hours of employment outside law school (20 hours per week), and "regular and punctual class attendance." Standard 304. [2]

Mr. Hu alleges that Standard 304(c) is "unconstitutional on its face" and violates his rights to substantive due process (Count I), procedural due process (Count II), and equal protection (Count III) under the Fourteenth Amendment to the Constitution of the United States. (Am. Cmplt. ¶¶ 37, 45-46, 50-52.)

---

[2] A true and correct copy of Standard 304 is attached as Exhibit A to the declaration of Susan Spies Roth, attached hereto, and may also be found on the ABA website at http://www.abanet.org/legaled/standards/20072008StandardsWebContent/Chapter%203.pdf. The Court may take judicial notice of the Standards in the context of the Rule 12(b)(6) motion given that they are referenced in Mr. Hu's First Amended Complaint, are central to his claims, and are public documents. *Takara Trust v. Molex Inc.*, 429 F.Supp.2d 960, 963 (N.D.Ill. 2006) (documents referenced in complaint may be considered in motion to dismiss); *see also MacArthur v. San Juan County*, 309 F.3d. 1216, 1221 (10th Cir. 2002) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputable authentic copy to the court to be considered on a motion to dismiss.").

3

**ARGUMENT**

Although well-pleaded allegations must be taken as true in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "'[t]he pleading must contain something more [than] a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *United States ex rel. Batty v. Amerigroup Illinois, Inc.*, 528 F. Supp. 2d 861, 871 (N.D. Ill. 2007) (quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). Instead, to survive a motion to dismiss, "a plaintiff must plead enough to 'nudge[ ] their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 127 S.Ct. at 1974). Thus, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief." *Id.* Mr. Hu fails to meet this standard.[3]

**I.     THE ABA IS NOT A STATE ACTOR.**

For Mr. Hu to proceed with this action under 42 U.S.C. § 1983, he must adequately plead an interference with his Constitutional rights "under color of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). That is, "there must be a sufficiently close nexus between the State and the challenged action" such that "the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982) (emphasis in original). Conduct by private actors, rather than state actors, cannot give rise to constitutional claims under § 1983, no matter how offensive. *Shelly v. Kramer*, 334 U.S. 1, 13 (1948).

No court has ever held that the ABA is a state actor for any purpose. In *Lawline v. American Bar Association.*, 956 F.2d 1378, 1384 (7th Cir. 1992), for example, the Seventh Circuit rejected claims that the ABA's standards on legal ethics violated plaintiffs' due process

---

[3] The ABA notes that, while Mr. Hu is pro se, he has had significant experience with the pleading requirements of this Court, having brought no fewer than seven actions currently pending in the Northern District of Illinois. *See, e.g.*, *Hu v. Pearl River Piano USA*, No.

and equal protection rights, because the ABA was a private organization, not a state actor. In so ruling, the Seventh Circuit specifically rejected the claim, analogous to what Mr. Hu claims here, that the ABA's formulation of ethics standards are transformed into state action simply because they were adopted and enforced by the Illinois Supreme Court. *Lawline,* 956 F.2d at 1384. The court cited *National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 194 (1988), noting that there the Supreme Court had held "that a state actor's voluntary decision to adopt a private association's rules did not transform the private association's rules into state rules nor did it transform the private actor into a state actor." *Lawline*, 956 F.2d at 1384.

     Similarly, two district courts have expressly held that the ABA, acting as a private accrediting body, is not a state actor, and thus cannot be made a defendant in a § 1983 action. In *Rohan v. American Bar Association*, 1995 WL 347035 (E.D.N.Y. May 31, 1995), the district court addressed claims brought by the former dean of a law school against the ABA for alleged violations of his Fourteenth Amendment right to due process of law in violation of § 1983. *Id.* at *4. The court, recognizing that the ABA is "self-governed, and the standards by which it conducts its evaluation of law schools have been set by the ABA itself, not by the State," concluded that the State had not delegated authority to the ABA. *Id.* at *6. The court further concluded that ABA does not invoke the formal authority of the State in its capacity as an accrediting agency. *Id.* at *7. Finally, the court concluded that plaintiff's effort to transform the ABA into a state actor, by claiming that law school accreditation "is traditionally the exclusive prerogative of the State," was "unavailing." *Id.* Instead, the court noted that "[p]laintiff cites no authority, and this Court knows of none, that establishes the evaluation of the quality of education as an exclusive state function." *Id.*

---

08CV1032 (N.D. Ill. Feb. 20, 2008).

The same conclusion – that the ABA acting as an accrediting body is not a state actor subject to § 1983 claims – was also reached by the district court in *Zaveletta v. American Bar Association*, No. 89 326-N, at 4 (E.D. Va. May 5, 1989) (bench opinion) (cited in *Rohan*, 1995 WL 347035, at * 7). In *Zaveletta*, students of the Christian Broadcasting Network University Law School brought a § 1983 action against the ABA seeking accreditation for the law school. The district court dismissed the § 1983 claim "on the grounds that the ABA was not a state actor." *Rohan*, 1995 WL 347035, at * 7 (citing *Zaveletta*, No. 89 326-N, at 4).

Numerous courts, including this Court, have found that other, analogous private accrediting bodies are not state actors subject to § 1983 claims. In *Peoria Sch. of Business v. Accrediting Council for Continuing Educ. & Training*, 805 F. Supp. 579 (N.D. Ill. 1992), Judge Aspen, evaluating constitutional claims against the Accrediting Council for Continuing Education and Training ("ACCET") in a motion to dismiss under Rule 12(b)(6), concluded, like the *Rohan* court, that "ACCET is a private corporation acting independently from the government," and thus was not a state actor subject to constitutional claims. *Id.* at 582. Judge Aspen reasoned that the fact that the accrediting body's decision may deprive students of "governmental financial assistance," or that "the procedures and criteria used by ACCET in its accreditation determinations are specified and limited by the Department of Education regulations," were "insufficient to attribute ACCET's actions to the federal government." *Id.* Echoing *Rohan*, the court concluded that the plaintiff "has not cited, and we have not found, any persuasive authority to conclude that ACCET's accreditation function constitutes state action." *Id.* at 582-83. *See also Parsons Coll. v. North Central Ass'n of Colleges and Secondary Sch.*, 271 F. Supp. 65, 70 (N.D. Ill. 1967); *Transportation Careers, Inc. v. Nat'l Home Study Council*,

6

646 F. Supp. 1474, 1478-79 (N.D. Ind. 1986); *Dietz v. American Dental Ass'n*, 479 F. Supp. 554, 556 (E.D. Mich. 1979).

Both the Third and Eighth Circuit Courts of Appeals have likewise held that private accrediting agencies are not state actors subject to § 1983 claims. In *McKeesport Hosp. v. Accreditation Council for Graduate Medical Educ.*, 24 F.3d 519, 524 (3d Cir. 1994), the Third Circuit held that the actions of the accrediting body, the Accreditation Council for Graduate Medical Education, were not the result of "state coercion or encouragement," and could not be fairly attributable to the State. *Id.* at 524-25. The Third Circuit also concluded that the accrediting decisions were not traditionally the exclusive prerogative of the state. *Id.* at 524.[4] The Eighth Circuit came to the same conclusion in *Medical Institute of Minnesota v. National Association of Trade and Technical Schools*, 817 F.2d 1310, 1313 (8th Cir. 1987), rejecting claims that the accrediting agency for technical schools was a state actor even though its decisions impacted whether students were "entitled to federal financial assistance," and its "procedures and criteria" were regulated by the Department of Education.

The First Amended Complaint provides no basis to reject this line of authority or to otherwise find that the ABA is a state actor subject to the Fourteenth Amendment claims asserted by Mr. Hu. While, as Mr. Hu asserts, the Illinois Supreme Court requires graduation from an ABA-approved school in order to sit for the Illinois bar exam (Am. Cmplt. ¶ 19), this is an

---

[4] Recounting the litany of district court cases finding that accrediting bodies were not state actors, the Third Circuit stated it had "uncovered only one case where state action was found." However, that case, *Marjorie Webster Junior Coll., Inc. v. Middle States Ass'n of Colls. & Secondary Schs.*, 302 F. Supp. 459 (D.D.C. 1969), "was decided long before the Supreme Court's state action trilogy." *Id.* at 523 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); *Blum v. Yaretsky*, 457 U.S. 991 (1982)). Moreover, on appeal, the D.C Circuit Court reversed on other grounds and did not decide the state actor question. *Marjorie Webster Junior Coll., Inc. v. Middle States Ass'n of Colls. & Secondary Schs.*, 432 F.2d 650, 659 (D.C. Cir. 1970).

independent decision by the Illinois Supreme Court. *See Tarkanian*, 488 U.S. at 194 (citing *Bates v. State Bar of Arizona,* 433 U.S. 350, 360 n.12 and 362 (Arizona State Supreme Court's adoption of disciplinary rules from ABA's Code of Professional Responsibility did not transform ABA's formulation of those rules into state action; Arizona State Supreme Court retained plenary power to reexamine those standards and, if necessary, to reject them and promulgate its own)); *Lawline*, 956 F.2d at 1384 (holding that Illinois Supreme Court's adoption of ABA's ethics standards does not transform the ABA's formulation of those rules into state action).

Because the ABA cannot be deemed a state actor, the First Amended Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

### III. THE FIRST AMENDED COMPLAINT PROVIDES NO BASIS FOR THIS COURT TO OVERRIDE ABA STANDARD 304(C).

Even ignoring that the ABA is not a state actor, Mr. Hu's claims fail for two independent reasons. First, the Amended Complaint alleges no factual basis upon which Mr. Hu might claim that the ABA, through Standard 304(c), has violated any constitutionally-protected property interest concerning the credit hours he earned at Chicago Kent in 1990 and 1991. Such a property interest is a prerequisite for any § 1983 claim. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005).

A protected property interest does not arise from a person's "abstract need or desire" or "unilateral expectation;" instead, he must have a "legitimate claim of entitlement to it." *Id.* (quoting *Bd. of Regents of State College v. Roth*, 408 U.S. 564, 577 (1972)). The First Amended Complaint nowhere alleges that Chicago Kent, in 1991, made a legally-binding commitment to Mr. Hu that his credit hours would be applied toward a law degree if he were to re-enroll 17 years later. Without such a commitment, Mr. Hu has no "legitimate claim of entitlement" to the application of those credits toward a law degree should he re-enroll in 2008, and, accordingly, he

8

has no basis on which to claim a § 1983 violation by the ABA based on Chicago Kent's application of Standard 304(c) to those credits.

Second, even if Mr. Hu could allege such a property interest (and if the ABA were a state actor, which it is not), Standard 304(c) readily satisfies the deferential review standard applicable to such accreditation determinations. Despite the First Amended Complaint's assertions to the contrary, none of the claimed constitutional infringements are subject to strict scrutiny review. Rather, the claims that Standard 304(c) infringes Mr. Hu's rights to education or to engage in the occupation of his choice, besides having no factual basis,[5] are subject to a "rational basis" review standard. *San Antonio Independent Sch. Dist. v. Rodriguez*, 441 U.S. 1, 35 (1973) (holding that education is subject to a rational basis review standard); *Medieros v. Vincent*, 431 F.3d 25, 29 n.2 (1st Cir. 2005) ("[I]t is well settled that no [fundamental right to pursue the livelihood or occupation of his choosing] exists, and that legislation or regulation impinging upon such a right therefore is subject only to 'rational basis' review, rather than 'strict scrutiny.'") (collecting cases).[6]

Standard 304(c) readily survives any such rational basis review. As stated by the Sixth Circuit, "This court reviews only whether the decision of an accrediting agency such as the ABA

---

[5] Mr. Hu can make no claim that Standard 304(c) precludes his ability to continue his law school education or to earn a law degree, given that he is completely free to enter a law school of his choice and complete the requirements for a degree without reliance on the prior credit hours earned at Chicago Kent. Moreover, the bar admission requirements are the product of the rules of the Supreme Court of Illinois (and other state bar admission authorities), and *not* of the ABA or Standard 304(c). *See National Collegiate Athletic Association v. Tarkanian,* 488 U.S. 179, 194 (1988) (citing *Bates v. State Bar of Arizona*, 433 U.S. 350, 360 n.12 (stating that Arizona State Supreme Court's adoption *in toto* of disciplinary rules from ABA's Code of Professional Responsibility did not transform ABA's formulation of those rules into state action)).

[6] Mr. Hu's separate suggestion that Standard 304(c) somehow infringes on his rights to "marriage and child rearing" (Am. Cmplt. ¶ 38) is contradicted by his First Amended Complaint's assertions that he quit law school in 1991, which apparently would be some four years prior to the birth of his oldest child, now 13, in 1995. (Am. Cmplt. ¶ 17.)

9

is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." *Thomas M. Cooley Law Sch.*, 459 F.3d at 712; *see also Chicago Sch. of Automatic Transmissions, Inc. v. Accreditation Alliance of Career Schs. and Colleges*, 44 F.3d 447, 449 (7th Cir. 1994) (a court inquires whether an accrediting agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance of law."). As the *Cooley* Court also stated, "[r]ecognizing that 'the standards of accreditation are not guides for the layman but for professionals in the field of education,' great deference should be afforded the substantive rules of these bodies." *Thomas M. Cooley Law Sch.,* 459 F.3d at 713 (internal citations omitted).

ABA Standard 304(c) is a substantive rule that applies to every law school that is accredited by the ABA. It embodies the considered conclusion of legal professionals that a law school education must be completed within a seven-year time period. Mr. Hu has provided no basis, nor can he, for this Court to substitute a much longer period in Standard 304(c) (to benefit Mr. Hu, the period would have to be extended to at least 19 years), or to eliminate this standard altogether. Simply put, Standard 304(c) is neither arbitrary nor unreasonable, and should be afforded great deference by this Court. The ABA respectfully asserts that Mr. Hu's claims, accordingly, must fail.

## CONCLUSION

For all these reasons, the First Amended Complaint should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6).

                              Respectfully Submitted,

                              THE AMERICAN BAR ASSOCIATION

                              By:  __s/Michael Doss_____
                                        One of its attorneys

Michael Doss
Susan Spies Roth
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603
312-853-7000
312-853-7036 (fax)

11