**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 1033 |
| | ) | Judge Castillo |
| AMERICAN BAR ASSOCIATION and | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT ILLINOIS INSTITUTE OF TECHNOLOGY'S
MOTION TO DISMSISS**

Defendant, Illinois Institute of Technology ("IIT"), by its attorney Terence E.

Flynn, pursuant to Fed.R.Civ.P.12 (b) (6), and 12 (b) (1) moves to dismiss with prejudice

Plaintiff's First Amended Complaint as to this Defendant.  In support, IIT states the

following:

1.    In response to Defendant American Bar Association's Motion to Dismiss

the original complaint, Plaintiff filed a pleading styled "First Amended

Complaint" ("FAC") which added this Defendant and Plaintiff then issued

summons to this Defendant, without leave of court.[*]

2.    The paragraphs of the FAC which even mention this Defendant are

background, contextual paragraphs 17 and 18, regarding his prior

enrollment in the very early 1990's, and in paragraphs 22 and 23, where

he alleges  visits to IIT in February of 2008 and that of March of 2008

when he alleges an attempt to "re-enroll". The March attempt to "re-

---

[*] Plaintiff has sued this defendant as "Illinois Institute of Technology Chicago-Kent College of Law."  Kent is a division of IIT, so there is a misnomer.  The proper party defendant is IIT.

enroll" was conducted three weeks <u>after</u> he filed this case against

Defendant American Bar Association. Plaintiff does not allege prior

attempts to "re-enroll" regarding this defendant.

3.      Plaintiff also mentions IIT in paragraph 29. Plaintiff concedes that this

Defendant is a private actor; Plaintiff concedes that this Defendant, to

maintain accreditation, must follow the American Bar Association rules.

In paragraph 29 of the FAC, Plaintiff states :

> "IIT Kent certainly does not have choice not to be accredited by
>
> ABA.  IIT Kent can't establish its own standard because of the
>
> Supreme Court Rule 703 (b) of State of Illinois."

4.      American Bar Association Rule 304 (c) states that "a law school <u>shall</u>

require that the course of study for the J.D.  degree be completed … no

later that 84 months after a student has commenced law study at the law

school <u>or</u> law school from which the school has accepted transfer credit."

(emphases supplied)

The language is mandatory – "shall" – and affects not only a school at

which the student matriculated (here IIT) but also <u>any</u> law school to which

Plaintiff might attempt to transfer credit ( the remainder of all this nation's

ABA accredited law schools ).

5.      As a result, there is nothing in the FAC that requires this Defendant as a

party Defendant.  All law schools with ABA accreditation, and certainly

all within the State of Illinois, must comply with the ABA accreditation

standards.

6.      This Defendant adopts the Motion to Dismiss and  Memorandum in

Support filed by Defendant ABA, in <u>toto</u>.

7.      Further, this Defendant suggests that independent grounds exist for

dismissing with prejudice IIT:

a)      There is nothing in the First Amended Complaint that complains of

independent conduct by IIT that is justiciable by this court.

b)      Plaintiff attempted to "re-enroll" at IIT <u>after</u> he filed his original

complaint (FAC ¶ 23) and was informed that, not surprisingly, IIT

would not jeopardize its accreditation for him.

c)      That situation is no different than if he applied at a different law

school and desired transfer credit.

8.      Plaintiff, by implication only, suggests that credits once earned are eternal

and allows for no bright line to eliminate their fading utility.  After a 17-

year absence from any school, Plaintiff does not allege, nor could he, that

he has any earned right to re-admission to IIT, or any other law school via

transfer of credits, even absent the ABA rule.

9.      The ABA rule represents, as stated in ABA's Memorandum in Support of

its Motion to Dismiss, the considered view of legal professionals.  It

should be upheld for all the reasons stated by ABA.  However, if not, then

this Defendant still has not been charged with any conduct independent of

adherence to the ABA rule.  This Defendant is in no different position

from any other law school to which Plaintiff may have applied. Plaintiff's

misguided argument is with the ABA  (and perhaps with the Illinois

Supreme Court) but not with this Defendant.


10.     If Defendant ABA is not a state actor for purposes of §1983 (as IIT is

concededly not), then the FAC fails under Fed.R.Civ.P 12 (b) (6) and

therefore 12 (b)(1).


11.     Even if Defendant ABA is a state actor, Plaintiff has failed to allege any

cognizable claim upon which relief can be granted against IIT and this

motion under Fed.R.Civ.P. 12 (b) (6) should be granted.


Wherefore, Defendant IIT requests an order consistent with its motion,

dismissing it with prejudice.


Respectfully Submitted,
s/Terence E. Flynn
Attorney for IIT


Terence E. Flynn
Flynn & Jones
19 S. LaSalle Street
Suite 1300
Chicago, IL 60603
312-346-1378

4

**CERTIFICATE OF SERVICE**

I, Terence E. Flynn, an attorney, hereby certify that I sent to Plaintiff the attached motion to dismiss on or before May 30, 2008 by placing it in a mail depository, first class postage affixed on or before 5:00 p.m. addressed to the *pro se* Plaintiff at his address of record; and by e-filing, to counsel of record for Defendant American Bar Association.

s/Terence E. Flynn