UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU | ) | |
| | ) | No. 08 CV 1033 |
| Plaintiffs | ) | |
| Vs. | ) | Judge Ruben Castillo |
| American Bar Association    & | ) | |
| Illinois Institute of Technology | ) | Jury Demand |

# Plaintiff Hu's Opposition to IIT's Motion to Dismiss

## Brief Procedural History:

1. Plaintiff filed his original complaint in February 2008.  April 2008, Plaintiff filed his first Amended Complaint. Defendant ABA filed its Motion to Dismiss Hu's First Amended Complaint on May 28, 2008. Defendant IIT filed its Motion to Dismiss on May 30, 2008.

2. Hu filed his Response to ABA's Second Motion to Dismiss on June 5, 2008.

## Possible Disposition of This Action Through Settlement

3. Plaintiff Hu had numerous conversations with ABA counsel.   From those conversations, Hu has the impression that it is not absolutely impossible to have exception under Standard 304 (c).   ABA certainly is entitled to change the  interpretation of its rules.

4. ABA counsel indicated that ABA has annual visit to IIT Law School and Hu's enrollment would not be a topic of discussion, indicating that if there is technical violation of Standard 304 (c), ABA is not interested in enforcing that particular rule regarding Hu's enrollment.

5. Unwillingness on the part of ABA to enforce its Standard 304 (c) could also be interpreted as implied exception granted by ABA.

6. Hu had numerous conversations with IIT.  IIT's position is that if ABA allows exception under Standard 304 (c), IIT will be willing to re-enroll Hu with all Hu's credit honored.

1

7. The practical issue is that ABA is a huge organization and IIT is a University with many levels of management.  So far Plaintiff Hu failed to compel these two defendants to communicate with each other clarifying their practical position especially ABA's position as to whether there is an exception ever possible.

8. Since ABA does not have clear position, settlement is possible, if an exception to Standard 304 (c)  is allowed for plaintiff Hu.   Hu's facial challenge to Standard 304 (c) could become moot.  In any event, Hu will voluntarily dismiss his action once he is allowed to re-enroll in IIT for fall 2008 with all credit honored.

## IIT is a Proper Party to Hu's Action Under Rule 19

9. ABA alleged that IIT has stricter rule regarding re-enrollment.  Not withstanding the language of Standard 304 (c),  if ABA allows exception to Standard 304 (c) (which ABA so far failed to take an official position), then Hu has a valid as applied challenge to Standard 304 (c) against IIT.   If fact, if any time during this litigation,  ABA is willing to take a position that Standard 304 (c) allows exception, then Hu probably will voluntarily dismiss ABA as a party and IIT will be the only remaining defendant.

10. FRCP 19 (a) states: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties,  or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest."

11. Hu's action challenges the Standard 304 (c) both on its fact and as applied. Plaintiff Hu is going to seek preliminary injunctive relief and IIT is a necessary party under Rule 19 (a)(1).

When Hu is challenging Standard 304 (c) as applied, IIT is a necessary party.

12. Plaintiff Hu clearly claims his property right to be re-enrolled in to IIT. But for the existence of Standard 304 (c), Hu has been unable to re-enroll into IIT. Hu does not have property right to be transferred to any other law school. (Hu made inquiries to John Marshall Law School and Northern Illinois University and both institutes indicated that Standard 304 prevented them from considering Hu's possible application for transfer). IIT's claim that it is in the same position as all the other law school is without merit.

13. Hu is claiming prospective monetary damages against IIT if Hu is unable to be enrolled in IIT in fall 2008. By enforcing or following ABA Standard 304 (c), IIT is a state actor. IIT is a proper party under Rule 19 (a)(2), because IIT's absence as a practical matter may impair its ability to defend itself.

14. Three basic objectives of Rule 19 are: (1) avoidance of unnecessary multiple litigation; (2) providing complete relief to parties before court; and (3) protection of rights and interests of any absent parties. *Freeman v. Marine Midland Bank-New York* 419 F.Supp. 440 (ED. NY 1976).

15. Purpose of FRCP 19 is to permit joinder of all materially interested parties to single lawsuit so as to protect interested parties and avoid waste of judicial resources. *Cross Timbers Oil Co. v. Rosel Energy* (DC Kan, 1996) 167 FRD 457.

16. Hu added IIT as defendant in his First Amended Complaint to avoid multiple litigation.

## Argument Without Supporting Legal Authorities Are Waived

17. Defendant IIT cited no case authorities in its entire Rule 12 (b)(6) Motion to Dismiss. All the claims and arguments made by IIT in its Motion to Dismiss are waived because IIT failed to cite any legal authorities to support its claim and arguments. Argument is waived when one fails to cite legal authority to support it. See *Estate of Moreland v. Dieter,* 395 F.3d 747, 759

3

(7th Cir. 2005). **<u>Brandt v. Board of Educ. Of City of Chicago</u>**, 420 F.Supp.2d 921, n 5, (N.D. Ill., 2006), **<u>Schmude v. Sheahan</u>**, 312 F.Supp.2d 1047, 1081 (N.D. Ill. 2004) (The failure to develop an argument results in that argument being waived.), **<u>United States v. Jones</u>**, 224 F.3d 621 (7th Cir. 2000)(stating that arguments that are not adequately developed or supported are waived).

18. IIT's total and inexplicable failure to cite any legal authorities is quite a surprise and unusual.
19. III waived all its arguments. It's entire motion is unsupportable and therefore must be denied.

## Hu's Complaint Should Be Liberally Construed in Favor of Hu

20. Rule 8 (e) (2) states "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds."
21. "For purpose of motion to dismiss, complaint is to be liberally construed in favor of plaintiff." **<u>Reiff v. Pennslvania</u>** 397 F.Supp. 345 (ED Pa 1975).
22. "Court must construe complaints so as to give averments force and effect if such construction is reasonable." **<u>Mails v. Kansas City Public Service Co</u>**. 51 F.Supp. 562, (DC Mo, 1943). Hu's complaint should be construed as claiming his property right to be re-enrolled in IIT.

## Prayer of Relief:

23. Plaintiff Hu respectfully pray this Court deny Defendant IIT's Motion to Dismiss for its failure to cite any case authorities supporting its argument and lack of proper development of its arguments. (Hu's instant Opposition addresses some of the contention brought by IIT).

Respectfully submitted:

Yaodi Hu  signature: yaodi hu    219 w. cermak Chicago IL 60616