IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 CV 1033 |
| | ) Judge Castillo |
| AMERICAN BAR ASSOCIATION and | ) |
| ILLINOIS INSTITUTE OF TECHNOLOGY | ) |
| | ) |
| Defendants | ) |

**DEFENDANT ILLINOIS INSTITUTE OF TECHNOLOGY'S
REPLY IN SUPPORT OF ITS
MOTION TO DISMISS**

This Defendant, Illinois Institute of Technology ("IIT"), pursuant to prior order of this court, for its Reply in support of its Motion to Dismiss, states the following:

**The Issues**

1) Is either defendant a state actor for purposes of federal jurisdiction?

2) Has plaintiff stated a claim upon which relief may be granted against defendant IIT?

**ARGUMENT**

**IIT is not a state actor.**

We leave to defendant ABA the argument that it is not a state actor for purposes of §1983 jurisdiction.  (Defendant IIT previously adopted defendant ABA's initial motion to dismiss and memorandum in support; this defendant intends to adopt defendant ABA's reply on this point.)

Plaintiff now argues, however, that IIT is a state actor. In ¶ 13 of his "Opposition to IIT's Motion to Dismiss", filed June 9, 2009, plaintiff states "By enforcing or following ABA standard 304 (c), IIT is a state actor." IIT is accredited by the ABA. IIT does adhere to the Rules of the Illinois Supreme Court regarding that court's supervisory power over the admission of lawyers, and therefore the admission of IIT graduates to the Illinois bar, as well as to the bars of other states. To state that this makes IIT a state actor is, however, akin to stating that mere submission to state licensure makes a license-holder a state actor. IIT is ABA – accredited; that accreditation is essential under Illinois Supreme Court rules. Whatever the merits, or more likely, demerits of plaintiff's argument regarding the ABA, ensuring that its curriculum and procedures adhere to the criteria necessary for its graduates to be admitted to the bar does not make IIT a state actor. Indeed, plaintiff cites Cohen v. Illinois Institute of Technology, 524 F.2d 818 (1975) in his response to the ABA's motion. Then – 7th Circuit Judge Stevens found IIT's private character undisturbed by the state-actor allegations there, and this court should similarly find here. Under plaintiff's theory, any private party who follows a state mandate becomes a state actor. That theory is unsupported.

**Plaintiff has not stated a claim against IIT.**

    a) **All law schools follow the rule**.

In the motion, IIT pointed out that plaintiff's claim against it was lacking in any specifics that distinguished IIT from any other law school. Moreover, IIT pointed out that a perusal of the First Amended Complaint ("FAC") failed to reveal the manner in which IIT has done anything actionable, nor what relief was or could be sought from it.

By doing so, this defendant was not involving the necessary party analysis, but rather pointing out that this defendant stands in no position different from that of any other law school.

Plaintiff's "Opposition" actually bolsters this point. He states (at ¶ 12 of his Opposition) that he contacted other law schools and they told him the same thing that IIT told him: his credits, wherever gained, were negated by the 17-year absence. Again, that plaintiff may have matriculated at IIT is irrelevant: IIT owes plaintiff no special duty different from any other law school. Plaintiff's allegations, even when liberally construed, do not rise to the required level of specificity vis-à-vis IIT. Plaintiff's argument that he has some vague "property right" in 17-year old credits is unsupported in law, fact, rule or common sense. At best, plaintiff had an "expectation", insufficient under the law and unreasonable in any event.

### b) **Plaintiff fails to point to actionable conduct by this defendant.**

Again, in the motion, IIT reviewed each paragraph of the FAC in which IIT is even mentioned. There is nothing in the FAC that reveals actionable conduct against IIT. It is not actionable under §1983 that IIT followed the rules of the Supreme Court of Illinois and the accrediting party regarding its curriculum and attendant policies. Clearly, plaintiff has not alleged specifics regarding his 1991 voluntary departure that would allow the grant of relief such as ordered admission or monetary damages. The claim against IIT is deficient.

This specific point is analytically dependent upon the FAC's individual paragraphs and the lack of a claim stated upon which relief can be granted. Thus, case

law citation would be superfluous to citation of the well-known requirements of Rule 12(b)(6), which, of course, were cited in our initial papers.  No argument was "waived".

**Conclusion**

      For the reasons stated, defendant, Illinois Institute of Technology requests an order of dismissal with prejudice, consistent with its motion.

                                                              Respectfully submitted,
                                                                   s/Terence E. Flynn
                                                                        Attorney for IIT

Terence E. Flynn
Flynn & Jones
19 S. LaSalle Street
Suite 1300
Chicago, IL 60603
312-346-1378

**CERTIFICATE OF SERVICE**

I, Terence E. Flynn, an attorney, hereby certify that I sent to Plaintiff the attached motion to dismiss on July 3, 2008 by placing it in a mail depository, first class postage affixed on or before 5:00 p.m. addressed to the *pro se* Plaintiff at his address of record; and by e-filing, to counsel of record for Defendant American Bar Association.

s/Terence E. Flynn