IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 1033 |
| ) | |
| ) | Judge Ruben Castillo |
| AMERICAN BAR ASSOCIATION, and ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY ) | |
| CHICAGO KENT COLLEGE OF LAW ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF THE AMERICAN BAR ASSOCIATION'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

In its opening brief, the ABA showed that critical elements for any § 1983 claims are absent from, and cannot be asserted to support, Mr. Hu's claims because (i) the ABA, a private accrediting agency, is not a state actor subject to such constitutional claims, and (ii) Mr. Hu has no constitutionally-protected property interest in applying credit hours earned before 1993 toward a law degree in 2008. Mr. Hu's response does nothing to challenge this showing, and the ABA's motion to dismiss should be granted.

**A.   The ABA Is Not A State Actor.**

Mr. Hu does not dispute that the neither the ABA in particular, nor private accrediting agencies in general, have ever been found to be state actors subject to § 1983 claims. *E.g.*, *Lawline v. American Bar Association.*, 956 F.2d 1378, 1384 (7th Cir. 1992); *Rohan v. American Bar Association*, 1995 WL 347035 (E.D.N.Y. May 31, 1995);[1] *Peoria Sch. of*

---

[1] Mr. Hu notes (Resp. at 3-4) that that the Seventh Circuit's appellate rules restrict citation to unpublished authority in briefs before that court. *But see* Fed.R.App.P. 32.1 (citation to

*Business v. Accrediting Council for Continuing Educ. & Training*, 805 F. Supp. 579 (N.D. Ill. 1992); *McKeesport Hosp. v. Accreditation Council for Graduate Medical Educ.*, 24 F.3d 519, 524 (3d Cir. 1994) (citing cases). Mr. Hu attempts to distinguish all this authority by stating that "the regulation of legal education and legal practice is solely the function of the Supreme Court of Illinois," and the Supreme Court, through its Rule 703(d), has delegated this "rule making to [the ABA] in toto." (Resp. at 6, ¶ 26). The Supreme Court of Illinois, however, has never identified itself as an accrediting body for Illinois law schools, and has not promulgated any accreditation requirements for law schools. Courts have recognized that such accrediting functions "have traditionally been the exclusive function of private entities …, rather than government entities." *Transport Careers v. National Home Study Council*, 646 F. Supp. 1474, 1479 (N.D. Ind. 1986).[2]

---

unpublished decisions no longer restricted for decisions issued after January 1, 2007). No similar local rule exists for the Northern District of Illinois, however, and the value and relevance of such authority is left to the discretion of the district court. The ABA has cited to the "state actor" decisions by the district courts in *Rohan* and *Zaveletta* for their persuasive value, rather than to suggest they are binding precedent for this Court, given that they were issued by district courts outside this district. *See Rohan v. American Bar Association*, 1995 WL 347035 (E.D.N.Y. May 31, 1995); *Zaveletta v. American Bar Association*, No. 89 326-N, at 4 (E.D. Va. May 5, 1989) (bench opinion) (cited in *Rohan*, 1995 WL 347035, at * 7).

[2] Two cases cited by Mr. Hu in response -- *Waller v. Southern Illinois University*, 125 F.3d 541 (7th Cir. 1997) and *Cohen v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975) – are inapt. In *Waller*, Judge Posner in no way suggested that the ABA's function as a private standard-setting accrediting agency could render it subject to § 1983 claims as a state actor, and instead simply raised a separate question of whether the ABA's standards might be "a possible source of constitutional property." 125 F.3d at 542. Judge Posner did not answer that question, finding that the standard at issue gave the plaintiff student no claim even if it had been adopted by the law school, although he noted that "it might seem utterly preposterous to suppose that [an ABA] rule" could create such a property right. The *Cohen* decision also does not support Mr. Hu. In *Cohen*, the Seventh Circuit held that the Illinois Institute of Technology was *not* a state actor, despite the fact that it was subject to "detailed regulation" of a "wide variety of matters," and despite the significant financial support it received from the State. 524 F.2d at 825-26. In finding no state action, the *Cohen* court stressed that the State had not mandated or otherwise "encouraged the practice in question." *Cohen*, 524 F.2d at 826.

Rule 703(d) of the Illinois Supreme Court, repeatedly cited by Mr. Hu, does not provide otherwise. Instead, Rule 703(d) concerns the Illinois Supreme Court's role as regulator of the practice of law in Illinois, and sets forth educational requirements for taking the Illinois bar, which include certain college course requirements along with the requirement that the applicant "received a first degree in law from a law school approved by the American Bar Association." Ill. Sup. Ct. Rule 703(d). Rule 703(d) mandates no particular accreditation standards for Illinois schools.

In any event, it would make no difference here even if the Illinois Supreme Court were the recognized accrediting body for Illinois law schools, and even if it had delegated rule making for this function "in toto" to the ABA, as Mr. Hu asserts. The Seventh Circuit rejected an analogous claim in *Lawline v. American Bar Association.*, 956 F.2d 1378, 1384 (7th Cir. 1992). There, plaintiff alleged the ABA's ethics standards amounted to state action because the Illinois Supreme Court adopted and enforced those standards. The Seventh Circuit rejected this claim, holding "that a state actor's voluntary decision to adopt a private association's rules did not transform the private association's rules into state rules nor did it transform the private actor into a state actor." *Lawline*, 956 F.2d at 1384; *see also National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 194 (1988) (same).

Finally, the Amended Complaint makes no allegation that the Illinois Supreme Court, or any other State or federal governmental body, played any role with regard to the particular accreditation standard at issue in this case, that is, Standard 304(c). Such direct involvement is necessary before the implementation or enforcement of Standard 304(c) could ever be attributed to the State and become subject to constitutional challenge. *See Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982) (the nexus between the challenged conduct and the State

must be so close that "the State is *responsible* for the specific conduct of which the plaintiff complains").[3]

### B. Mr. Hu Alleges No Constitutionally-Protected Property Interest.

Mr. Hu does not challenge the fact that, in order to pursue his § 1983 claims, he must adequately allege a constitutionally-protected property interest to apply credit hours he earned seventeen years ago towards a law degree today. (*See* Resp. at 10, ¶¶ 46-48.) Mr. Hu's only response is to point to paragraph 43 of his First Amended Complaint, which in turn asserts the conclusion that "Hu has [a] property interest in his law school credit hours he completed," that is "defined by contract law." (Resp. at 10, citing Am. Cmplt. ¶ 43.) Simply asserting a legal conclusion that he has a property interest to apply his credit hours towards a law degree in perpetuity, however, does not make it so, and does not satisfy Mr. Hu's obligation to allege well-pleaded facts, not conclusions, to support each element of his claims. There is no dispute that "[t]he relation between a law school and its students is contractual." *Waller v. Southern Illinois University*, 125 F.3d 541, 541-42 (7th Cir. 1997). The question instead is whether Mr. Hu, at the time he "left the law school in fall 1992," (Resp. at 1, ¶ 2), had any reasonable expectation that he would be allowed to apply his credit hours towards a law degree should he apply for admittance in 2008. Nothing in Mr. Hu's Amended Complaint, nor in his Response, alleges a factual basis to support such a property claim, which is implausible on its face. It is no answer for Mr. Hu to suggest that he should be able to engage in discovery to gather support for this element of his § 1983 claims. Rule 8 precludes just such discovery "fishing expeditions" aimed

---

[3] Mr. Hu's suggestion that the ABA, in its role as an accrediting body for Illinois law schools, should be deemed an agent of the Illinois Supreme Court (Resp. at 6, ¶¶ 24-27), is devoid of any factual or legal support. Mr. Hu identifies not a single instance where the Illinois Supreme Court has even attempted to control the conduct of the ABA in this regard, let alone drive the enactment of Standard 304(c).

4

at identifying facts that are necessary to state a claim in the first place. As the Supreme Court counseled in *Twombly*, "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### C.  Standard 304(c) Is Neither Arbitrary Nor Unreasonable.

Finally, Standard 304(c) is on its face neither arbitrary nor unreasonable, despite Mr. Hu's bare assertions to the contrary.[4] Mr. Hu may disagree that law school education should be completed within a reasonably cohesive and current time period (Resp. at 9), but his disagreement does not render Standard 304(c), which was promulgated by legal professionals and experts in the field of education, irrational or arbitrary. Tellingly, the alternative periods suggested by Mr. Hu – "Why seven years, instead of five years or ten years?" (Resp. at 9, ¶ 41) – would not help him, given the over 16-year period that has passed since he last attended law school. Any standard that allowed such an extended absence from law school would essentially amount to no limitation at all; even Mr. Hu does not appear to argue that this is constitutionally required.

For all these reasons, as well as those presented in the ABA's opening brief, the First Amended Complaint should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6).

Respectfully Submitted,

---

[4] Mr. Hu's claim that his challenge is entitled to heightened scrutiny, rather than a rational basis review (Resp. at 11-12), is not supported by the case law, as established in the ABA's opening brief.

                    THE AMERICAN BAR ASSOCIATION


               By:   __s/Michael Doss_____
                         One of its attorneys

Michael Doss
Susan Spies Roth
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603
312-853-7000
312-853-7036 (fax)

**CERTIFICATE OF SERVICE**

I, Susan Spies Roth, an attorney, hereby certify that on this 3d day of July, 2008, I caused a true and correct copy of the foregoing **Reply Memorandum in Support of Defendant American Bar Association's Motion to Dismiss Plaintiff's First Amended Complaint** to be served via Federal Express upon:

Yaodi Hu
219 W. Cermak
Chicago, IL  60616

Terence Flynn
Flynn & Jones
19 South LaSalle Street Suite 1300
Chicago, IL  60603


By: _s/Susan Spies Roth_____