## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1033 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| AMERICAN BAR ASSOCIATION, and | ) | |
| ILLINOIS INSTITUTE OF | ) | |
| TECHNOLOGY, CHICAGO KENT | ) | |
| SCHOOL OF LAW | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Yaodi Hu ("Hu") filed this Section 1983 action against the Chicago Kent School

of Law, a division of the Illinois Institute of Technology ("IIT"), and the American Bar

Association ("ABA"), alleging that the ABA and IIT violated his Fourteenth Amendment

substantive and procedural due process and equal protection rights when IIT rejected Hu's

application to "re-enroll" at the law school. (R. 21, Am. Compl.) Both the ABA and IIT have

moved to dismiss Hu's Amended Complaint ("Complaint") pursuant to Federal Rule of Civil

Procedure 12(b)(6) on the grounds that they are not state actors and thus cannot be sued pursuant

to Section 1983. (R. 26, ABA Mot. to Dismiss at 1; R. 28, IIT Mot. to Dismiss ¶ 10.) For the

reasons stated below, Defendants' motions to dismiss are granted, and Hu's Complaint is

dismissed with prejudice.

### FACTUAL AND PROCEDURAL HISTORY

Hu brought his original complaint against the ABA on February 20, 2008. (R. 1, Compl.

¶ 1.) The ABA filed a motion to dismiss on April 11, 2008. (R. 14.) On April 22, 2008, instead

of responding to the ABA's motion, Hu amended his complaint to add IIT as a Defendant and to add factual and legal allegations. (R. 21, Am. Compl.)

Hu began taking classes at IIT in 1990, and stopped taking classes there in 1991. (R. 21, Am. Compl. ¶¶ 12, 17.) On February 15, 2008, in response to Hu's inquiry, IIT informed Hu that the law school credits he earned in 1990 and 1991 were no longer valid under section 304(c) of the ABA Standards for the Approval of Law Schools ("Standard 304(c)"). (*Id.* ¶ 22.) On March 15, 2008, IIT rejected Hu's application to re-enroll at the law school. (*Id.* ¶ 23.)

Hu alleges that during the past decade, he tried several times to "re-enroll" at the law school, but "was unable to do so partially because ABA rules disallowing Hu's past credits." (*Id.* ¶ 18.) The Complaint does not describe the nature or number of Hu's "several" previous attempts to "re-enroll" at IIT. The remainder of the Complaint contains Hu's legal arguments, in which Hu in essence argues that Standard 304(c) is unconstitutional, that the ABA violated his rights when it adopted the Standard, and that IIT violated his rights when it enforced the Standard. (*Id.* ¶¶ 32, 42, 49.)

## LEGAL STANDARD

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007)). To survive a motion to dismiss, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the

2

plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

### I.    ABA Standard 304(c)

The ABA is a professional organization that, among its many functions, accredits law schools. (R. 21, Am. Compl. ¶¶ 14, 21.) Illinois Supreme Court Rule 703(b) mandates that applicants to the Illinois Bar "shall have pursued a course of law studies and fulfilled the requirements for and received a first degree in law from a law school approved by the American Bar Association. Each applicant shall make proof that he has completed such law study and received a degree, in such manner as the Board of Admissions to the Bar shall require." ILCS S. Ct. Rule 703(b). The ABA Standards for the Approval of Law Schools govern the ABA's accreditation decisions for law schools. (R. 26, ABA Mot. at 2.) Standard 304(c) provides that an ABA-accredited law school "shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later then 84 months after a student has commenced law study at the law school." (R. 26-2, ABA Mot., Ex. A., ABA Standard 304.)

### II.    State Action Requirement for Section 1983 Claims

Hu brings his claims under Section 1983, alleging that ABA Standard 304(c) and IIT's enforcement of the Standard violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (R. 21, Am. Compl. ¶¶ 32, 42, 49.) It is well-established, however, that the protections of the Fourteenth Amendment do not extend to private conduct. *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (citing *Blum v. Yaretsky*, 457 U.S.

3

991, 1002 (1982)). Thus, in order to state a claim under Section 1983, a plaintiff must allege not only that the defendant violated his constitutional rights, but also that the defendant was acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

The state action, or "under the color of state law,"[1] analysis is a "necessarily fact-bound inquiry." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001). "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 295 (internal citations and quotations omitted). "[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient . . ." *Id.* Courts look to whether: the challenged activity results from the State's exercise of coercive power; the State provides significant encouragement to the private entity; the private entity operates as a "willful participant in joint activity with the State or its agents;" the private entity is controlled by an agency of the State; the challenged activity has been delegated a public function by the State; the challenge activity is "entwined with governmental policies;" or the government is entwined in the private entity's management or control. *Id.* at 296 (internal citations omitted).

The Seventh Circuit has summarized the Supreme Court's list of factors for determining whether a private party will be deemed to have acted under "color of state law" into the question of whether the State "either (1) effectively directs or controls the actions of the private party such

---

[1] If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for Section 1983 purposes. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

4

that the state can be held responsible for the private party's decision; or (2) delegates a public function to a private entity." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (internal citations and quotations omitted). The public function test examines whether the state has delegated to the private entity a function which is "exclusively reserved" to the State. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005). This is a "rigorous standard that is rarely satisfied." *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (internal quotations and citations omitted). To determine whether the State effectively directs or controls the actions of the private party, the Court examines whether the State exerts such coercive power over the private entity or provides such significant encouragement that the activity should be considered state action. *Brentwood Acad.*, 531 U.S. at 296; *Cornish*, 402 F.3d at 550. The Court also looks to whether the private entity and the government are willful, joint participants, or so entwined in the joint activity, that the State effectively directs or controls the private entity's actions. *Id.*

Although these are usually fact-intensive inquiries, appellate courts routinely affirm dismissals under Rule 12(b)(6) where the plaintiff cannot show that the defendants are state actors for purposes of liability under Section 1983. *See, e.g., Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 783-84 (6th Cir. 2007) (affirming dismissal of Section 1983 claims because plaintiff did not make showing that defendants were state actors); *Leshko*, 423 F.3d at 347 (same); *Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) (reversing denial of motion to dismiss, remanding, and ordering dismissal where plaintiff did not make showing that defendants were state actors); *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 113 (2d Cir. 2003) (affirming dismissal of Section 1983 claims because plaintiff did not make showing that defendants were state actors); *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 749 (9th

5

Cir. 2003) (same). In fact, in a case discussed further below, the Seventh Circuit affirmed the dismissal of Section 1983 claims against the ABA and other bar associations because they were found not to be state actors. *See Lawline v. Am. Bar Ass'n*, 956 F.2d 1378 (7th Cir. 1992).

## A.   Section 1983 Claims Against IIT

Hu argues that his Section 1983 claims against IIT should not be dismissed because IIT acted under color of state law when it enforced ABA Standard 304(c). Hu faces an uphill battle in showing that IIT, a private university, acted under color of state law. In general, a plaintiff may not sue a private university under Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (holding that private school did not engage in state action despite receipt of public funds and high degree of state regulation); *see also Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003) (stating that former student could not use Section 1983 to sue private university). Even "extensive and detailed regulation" of schools by the State do not turn the schools' actions into state conduct. *Rendell-Baker*, 457 U.S. at 840 (citing *Blum*, 457 U.S. at 1011).

Applying the tests set out above to determine whether IIT should be treated as a state actor for purposes of Section 1983, the Court first asks whether the State delegated an exclusively public function to IIT. *See Johnson*, 372 F.3d at 896. Education, however, is not the exclusive province of the State. *Rendell Baker*, 457 U.S. at 842. Moreover, even if law school education could be deemed a subset of the State's control over the regulation of the practice of law, Hu has not alleged—and there is no basis for arguing—that Illinois has delegated this function to IIT or any law school.

Second, the Court asks whether Hu has alleged that the State effectively directs or

6

controls the actions of IIT such that the State can be held responsible for IIT's decision to reject

Hu's re-enrollment application. *Johnson*, 372 F.3d at 896. Hu's Complaint contains no

allegations that the State exerted coercive power or provided significant encouragement for IIT's

decision to reject Hu's application. *See Cornish*, 402 F.3d at 550. Hu's only support for his

claim that IIT is a state actor is the Illinois Supreme Court's mandate under Rule 703(b) that IIT

follow the ABA's rules; however, neither general government involvement nor detailed and

extensive regulation or public funding is sufficient to find state action. *Sherman v. Cmty.*

*Consol. Sch. Dist. 21 of Wheeling*, 8 F.3d 1160, 1168 (7th Cir. 1993) (citing *Rendell-Baker*, 457

U.S. at 840); *see also Blum*, 457 U.S. at 1004. In fact, the Seventh Circuit has affirmed dismissal

of a suit against IIT in the past where the plaintiff could not show IIT was a state actor. In *Cohen*

*v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975), the plaintiff brought a Section

1983 claim after having been denied professorial tenure. *Id.* at 827. In that case, the plaintiff

alleged that IIT should be considered a state actor for purposes of Section 1983 because it was

"pervasively regulated by the state." *Id.* at 824. The Seventh Circuit rejected the plaintiff's

arguments, holding that although IIT received substantial financial support from the State, the

"mere existence of detailed regulation of a private entity does not make every act, or even every

regulated act, of the private firm, the action of the State." *Id.* at 826-27.

　　　Here, Hu does not allege any State control over IIT beyond the detailed regulation of law

school accreditation. Moreover, Hu's Complaint contains no allegations that the State directly

participated in IIT's decision to reject Hu's application for re-enrollment. *See Cornish*, 402 F.3d

at 551. Viewing the Complaint in the light most favorable to Hu, and accepting all facts alleged

as true, the Complaint still fails to allege facts establishing that IIT's decision to reject Hu's

7

application is attributable to the State. Accordingly, Hu's Section 1983 claims against IIT are dismissed with prejudice.

## B.     Section 1983 Claims Against the ABA

Hu also alleges that his Section 1983 claims against the ABA should survive the motion to dismiss because the ABA acted under color of state law when it enacted ABA Standard 304(c). The United States Supreme Court has addressed the issue of whether the ABA's formulation of certain rules constitutes state action. In *National Collegiate Athletic Association v. Tarkanian*, the Supreme Court explained that although a state supreme court's enforcement of disciplinary rules against members of the state bar constitutes state action, "[i]t does not follow [] that the ABA's formulation of those disciplinary rules was state action." 488 U.S. 179, 194 (1988) (citing *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977)). The Supreme Court reasoned that although the state supreme court had adopted the rules of the ABA Code of Professional Responsibility *in toto*, the ABA's formulation of the rules did not constitute state action because the state supreme court "retained plenary power to reexamine those standards and, if necessary, to reject them and promulgate its own." *Id.* (citing *Bates*, 433 U.S. at 362).[2]

Following *Tarkanian*, the Seventh Circuit has held that the ABA and state bar associations do not engage in state action by formulating and enforcing disciplinary rules. *Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1384 (7th Cir. 1992) (citing *Tarkanian*, 488 U.S. at 194). The Seventh Circuit reasoned that because the Illinois Supreme Court has the power to

---

[2] Moreover, the *Tarkanian* Court held that the National Collegiate Athletic Association ("NCAA") was not a state actor because the NCAA was a "collective membership" of several states, such that it could not be a "surrogate for one State." *Brentwood Academy*, 531 U.S. at 297-98 (citing *Tarkanian*, 488 U.S. at 193). Here, the ABA likewise has a "collective membership" of several states and should not be considered a surrogate for the State of Illinois.

8

prescribe rules governing attorney conduct, the adoption of the bar associations' rules by the Illinois Supreme Court was voluntary and did not transform the bar associations into state actors. *Id.* at 1384-85.

The same reasoning follows with regard to law school admissions standards. In this case, the Illinois Supreme Court rules mandate that law schools be accredited by the ABA, which has set out its accreditation guidelines in the Standards. The Illinois Supreme Court's voluntary decision to adopt the ABA's accreditation rules does not transform the ABA's rules into state rules nor does it transform the ABA into a state actor. *See Lawline*, 956 F.2d at 1384. The Illinois Supreme Court maintains the power to prescribe rules regulating admission to the Illinois Bar and has not delegated its authority to the ABA so as to transform the ABA into a state actor. *See id.* at 1384-85; *see also Rohan v. Am. Bar Ass'n*, No. 93 C 1338, 1995 WL 347035, at *5-7 (E.D.N.Y. May 31, 1995) (holding that New York did not delegate its authority to license attorneys to the ABA even though the State effectively requires study at an ABA accredited law school).

Moreover, the Complaint contains no allegations that the State exerted coercive power or provided significant encouragement to the ABA to enact Standard 304(c), or that the State willfully or jointly participated in the ABA's decision to enact Standard 304(c). *See Brentwood Acad.*, 531 U.S. at 295. Thus, the Illinois Supreme Court's adoption of ABA Standard 304(c) is insufficient to demonstrate that the ABA acted under color of state law, and Hu thus cannot state a Section 1983 claim against the ABA.

## CONCLUSION

For the reasons stated above, both the American Bar Association's (R. 26) and the Illinois Institute of Technology's (R. 28) motions to dismiss are granted as to all of Hu's claims, and Hu's Amended Complaint is dismissed with prejudice.

Date:  July 24, 2008                    ENTERED:  _____

                                         Ruben Castillo
                                         United States District Judge