UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| YAODI HU ) | |
| ) | No. 08 CV 1033 |
| Plaintiffs ) | |
| Vs. ) | Judge Ruben Castillo |
| American Bar Association   & ) | |
| Illinois Institute of Technology ) | Jury Demand |

# Plaintiff's Rule 59 (e) Motion to Vacate

## Brief Procedural History:

1. Plaintiff filed his original complaint in February 2008. April 2008, Plaintiff filed his first Amended Complaint. Defendant ABA filed its Motion to Dismiss Hu's First Amended Complaint on May 28, 2008. Defendant IIT filed its Motion to Dismiss on May 30, 2008.

2. This Court docketed its Judgment Order on July 29, 2008, granting all defendants' motion to dismiss and dismiss plaintiff's action with prejudice.

## In Motion to Dismiss Hu's Allegation Should be Taken as True

3. In Hu's First Amended Complaint, (R. 21, Am. Compl. ¶ 20), Hu clearly alleged that ABA is the agent of the State of Illinois. Hu further alleged that "ABA is a super legislature, super judiciary and super executive in terms prosecution with complete delegation of authorities from the states all across the country when it comes to the regulation of law schools."

4. "We must accept as true all material facts well pleaded in the complaint, and we

1

must view the alleged facts and make all reasonable inferences in the light most favorable to the plaintiff." **_Mescall v. Burrus_**, 603 F.2d 1266, 1269 (C.A. 7 (Ill.), 1979).

5. Hu's allegation that State of Illinois delegated its regulatory authorities to ABA regarding the regulation of the law school should be taken as true in considering a Rule 12 (b) (6) motion to dismiss. **_Id_** at 1269. see also **_Kyle v. Morton High School_**, 144 F.3d 448, 454 (C.A.7 (Ill.), 1998).

6. In effect, Hu did allege that as a matter of material fact, ABA is a state actor with the governmental power delegated to it by the State of Illinois and other states across the country. Hu's clear factual statement that ABA is state actor should be taken as true. **_Id_** at 454.

7. Hu therefore respectfully move this Court vacating its order granting defendants' motion to dismiss.

## Consideration of Rule 59 (e) Motion to Vacate is Governed by Rule 15 (a) when the Action is Dismissed under Rule 12 (b)(6)

8. Plaintiff Hu filed another Rule 15 (a) motion to amend together with this Rule 59 (e) Motion to vacate the judgment.

9. When Rule 59 (e) motion and Rule 15 (a) motion are presented together and the action was dismissed with prejudice, "considerations for a Rule 59 (e) motion are governed by Rule 15 (a)." "Thus the disposition of the plaintiff's motion to vacate under rule 59 (e) should be governed by the same considerations controlling the exercise of discretion under rule 15 (a)." **_Rosen zweig v. Azurix Corp_**., 332 F.3d 854,

864 (5th Cir. 2003)

10. In **_Moses v. Illinois Dept. of corrections_**, 908 F.2d 975 (C.A. 7 (Ind.), 1990) the Seventh Circuit states: " Dismissal under Fed. R. Civ. P. 12 (b) (6) of a pro se action is appropriate only if it is beyond doubt that the plaintiff can prove no set of facts to support his claim."   In that case, plaintiff filed Rule 59 (e) motion asking permission to file an amended pleading.   On appeal, the Seventh Circuit held that under Rule 15 (a), amendment of pleadings is to be freely allowed when justice requires.  **_Id_** at 975.

11. Applying the holdings of **_Moses v. Illinois Dept. of Corrections_**, This Court should vacate its judgment allowing Hu to amend his complaint under Rule 15 (a).

## When Plaintiff's Complaint is Dismissed under Rule 12 (b)(6) Leave is Usually Given to Amend to Correct Deficiencies

12. In considering a Rule 12 (b)(6) motion to dismiss a pro se plaintiff's complaint, "however inartfully pleaded," courts should "hold less stringent standards than formal pleadings drafted by lawyers."  **_Haines v. Kerner_**  404 U.S. 519.

13. Liberal construction is to be accorded material drawn pro se.  **_Wilson v. Phend_**, 417 F.2d 1197, 1199 (7th Cir. 1969),  **_Parisie v. Greer_,** 685 F.2d 1016 (C.A. 7(Ill.), 1982),  **_Rini v. Katzenbach_**, 374 F.2d 836, 837-838, (7th Cir. 1967),  **_Pembrook v. Wilson_** 370 F.2d 37, 39-40 (9th cir. 1966).

14. Where complaint is dismissed for failing to state claim upon which relief can be granted under FRCP 12(b)(6), it is usual practice to allow leave to replead; although leave to replead is within discretion of district court, refusal to grant it without any justifying reason is abuse of discretion.  **_Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc._** (1997, SD NY)  170 F.R.D 361. See also **_Loubser v. Thacker_**, 440

F.3d 439 (7th Cir., 2006)

15. Where several of plaintiffs' claims were dismissed for failure to state claim upon which relief could be granted, plaintiffs should have been granted leave to amend complaint, in accordance with Rule 15, to correct deficiencies if possible, particularly as litigation was still in its early stages. **_University of Haw. Prof'l Assembly v. Cayetano_** (1999, CA9 Hawaii) 183 F3d 1096.

16. Where motion to dismiss is predicated upon Rule 12(b)(6) petitioner is entitled to amend his petition. **_Kinney v. Lenon_** (1971, CA9Or) 447 F2d 596.

17. In **_Davis v. Frapolly_**, 717 F.Supp. 614 (N.D. Ill., 1989), the court granted 29 days of leave for plaintiff to amend his complaint.

18. In another case, **_Mian v. Donaldson, Lufkin & Jenrette Sec. Corp_**., 7 F.3d 1085 (2dn Cir. 1993), the Second Circuit Court of Appeals stated: " However, we think the district court should not have dismissed Mian's complaint with prejudice, but should have given him the opportunity to amend his complaint in light of the policy to liberally construe civil rights complaints, See Leatherman v. Tarrant County Narcotics Intelligence and Coordination unit, --- U.S. ---, ---- 113 S. Ct. 1160, 1162-63, 122 L.Ed. 2d 517 (1993), and especially because this complaint was filed by a pro se plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 .L.Ed.2d 652 (1972) (per curiam); see also Branum v. Clark, 927 F.2d 698, 705 (2dn Cir. 1991) ("Certainly the court should not dismiss without leave to amend once when a liberal reading of the complaint gives any indication that a valid claim might be stated.")" *id* at 1087.

## Prayer of Relief:

19. Plaintiff Hu respectfully move this Court vacate its Judgment order, vacate its order granting defendants ABA and IIT's motion to dismiss and grant Hu's Motion to Amend his Complaint.

Respectfully submitted

Yaodi Hu     pro se plaintiff     219 w. cermak Chicago IL 60616