

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1033 | **DATE** | 8/11/2008 |
| **CASE TITLE** | Yaodi Hu vs. American Bar Association and Illinois Institute of Technology | | |

**DOCKET ENTRY TEXT**

On July 24, 2008, this Court entered a memorandum opinion and order dismissing Plaintiff Yaodi Hu's First Amended Complaint against Defendants, the American Bar Association and the Illinois Institute of Technology, because neither Defendant was a state actor. (R. 36.) On August 5, 2008, Hu filed a motion to reconsider on the grounds that this Court failed to accept as true all well-pleaded material facts in Hu's complaint under Rule 12(b)(6). (R. 38.) As this Court explained in its prior opinion, a Section 1983 claim cannot stand against a non-state actor. *See Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996). This is not a "fact" for Hu to plead; rather, this is a rule of law which Hu cannot plead around. Neither the ABA nor IIT are state actors, and Hu's complaint thus fails as a matter of law. (*See* R. 36, Mem. Op. and Order at 6-9.) Accordingly, Hu's motion for reconsideration (R. 38) is denied. Hu has also filed a motion to amend his complaint a second time to add one non-Section 1983 count, alleging that the ABA committed price fixing in violation of the Sherman Act "by interpreting and enforcing [ABA] Standard 304(c) rigidly." (R. 39, Mot. to Amend; Ex. 1, proposed Second Am. Compl. ¶ 67.) Standard 304(c), however, has nothing to do with price fixing. It provides that an ABA-accredited law school "shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later than 84 months after a student has commenced study at the law school." Moreover, the Court is aware of no precedent suggesting that "interpreting and enforcing" a statute could ever lead to price fixing. As Hu's Sherman Act allegation has no basis in law or fact, and it is within the Court's discretion to deny leave to amend, *see Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008), the Court denies Hu's motion to amend. (R. 39.)

Docketing to mail notices.

U.S. DISTRICT COURT
CLERK
2008 AUG 11 PM 3:02
FILED