# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU | ) | |
| | ) | 08 cv 1033 |
| Plaintiffs | ) | Judge Castillo |
| Vs. | ) | |
| American Bar Association | ) | |

# Notice of Appeal

Notice is hereby given that Yaodi Hu in the above named case, appeals to the United States Court of Appeals, Seventh Circuit (219 S. Dearborn Chicago IL 60604) from the following orders entered by Honorable Castillo:

1. Order on July 24, 2008 granting American Bar Association's Motion to dismiss, and the same order granting IIT's Motion to dismiss.

2. Order on August 11, denying Hu's Rule 15 (a) Motion to Amend, and denying Hu's Rule 59 (e) Motion.

Respectfully submitted:    Yaodi Hu        yaodi_hu@sbcglobal.net    (773) 216- 3173

219 w. Cermak Chicago IL 60616        signature:  yaodi hu

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:   08 cv 1033

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Hu/appellant | | American Bar Assoc/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Yaodi Hu | Name | Michael P. Doss |
| Firm | pro se | Firm | Sidley Austin |
| Address | 219 W. Cermak Chgo.Il. 60616 | Address | One South Dearborn Suite 32-E Chgo.Il. 60603 |
| Phone | | Phone | 312)853-7920 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Castillo | Date Filed in District Court | 2/20/08 |
| Court Reporter | K. Fennell X-5569 | Date of Judgment | 7/29/08, 8/12/08 |
| Nature of Suit Code | 440 | Date of Notice of Appeal | 8/21/08 |

COUNSEL:          Appointed [  ]          Retained [  ]          Pro Se [ X ]

FEE STATUS:          Paid [  ]          Due [ X ]          IFP [  ]

          IFP Pending [  ]          U.S. [  ]          Waived [  ]

Has Docketing Statement been filed with the District Court Clerk's Office?     Yes [ X ]     No [  ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

          Granted [  ]          Denied [  ]          Pending [  ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).    Rev 04/01**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

YAODI HU )
 ) 08 cv 1033
              Plaintiffs )       Judge Castillo
    Vs. )
American Bar Association )


# Docketing Statement


## Jurisdiction of the Original Action:


1. The original Complaint filed by plaintiff pro se Yaodi Hu is a 42 U.S.C. § 1983 action.
   Jurisdiction is based upon  28 U.S.C.  § 1331 and  § 1343,  42 U.S.C. §  1983,  28
   U.S.C. § 2201 and § 2202,   District Court also has jurisdiction under the doctrine of
   common law due process.  *See* *Thomas M. Cooley Law Sch. V. American Bar
   Association*  459 F.3d 705  (6th Cir. 2006).


## Appellate Jurisdiction:

2. This Court has jurisdiction under Federal Rule of Appellate Procedure 3 and 28 U.S.C.
   § 1291.

3. On July 24, 2008, the District Court granted both defendants' Motion to dismiss and
   the Court entered final judgment the same day.

4. August 5, 2008,  plaintiff Hu file Rule 59 (e) Motion and Rule 15 (a) Motion.  Both
   motions was denied by the District Court on August 11, 2008.

5.  According to Federal Rules of Appellate Procedure 4 (a) (1)(A), plaintiff Yaodi Hu has

    30 days to file his Notice of Appeal.

6.  August 21, 2008, plaintiff pro se Yaodi Hu filed his Notice of Appeal.

## Conclusion:

7.  Therefore, this Seventh Circuit Court of Appeals has jurisdiction to review the orders

    of the District Court in the case of  08 cv 1033.

Respectfully submitted:    Yaodi Hu        yaodi_hu@sbcglobal.net    (773) 216- 3173

219 w. Cermak Chicago IL 60616        signature:  yaodi hu

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1033 | **DATE** | 7/24/2008 |
| **CASE TITLE** | Yaodi Hu vs. American Bar Association, et al. | | |

#### DOCKET ENTRY TEXT

Enter Memorandum Opinion and Order.  American Bar Association's motion to dismiss [26] and the Illinois Institute of Technology's motion to dismiss [28] are granted.  This case is hereby dismissed with prejudice.

■ [ For further detail see separate order(s).]

Docketing to mail notices.
*Mail AO 450 form.

2008 JUL 25 PH 2: 32
U.S. DISTRICT COURT

| | Courtroom Deputy Initials: | RO |
|---|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
| | ) |
| Plaintiff, | )     No. 08 C 1033 |
| | ) |
| v. | )     Judge Ruben Castillo |
| | ) |
| AMERICAN BAR ASSOCIATION, and | ) |
| ILLINOIS INSTITUTE OF | ) |
| TECHNOLOGY, CHICAGO KENT | ) |
| SCHOOL OF LAW | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Yaodi Hu ("Hu") filed this Section 1983 action against the Chicago Kent School

of Law, a division of the Illinois Institute of Technology ("IIT"), and the American Bar

Association ("ABA"), alleging that the ABA and IIT violated his Fourteenth Amendment

substantive and procedural due process and equal protection rights when IIT rejected Hu's

application to "re-enroll" at the law school. (R. 21, Am. Compl.) Both the ABA and IIT have

moved to dismiss Hu's Amended Complaint ("Complaint") pursuant to Federal Rule of Civil

Procedure 12(b)(6) on the grounds that they are not state actors and thus cannot be sued pursuant

to Section 1983. (R. 26, ABA Mot. to Dismiss at 1; R. 28, IIT Mot. to Dismiss ¶ 10.) For the

reasons stated below, Defendants' motions to dismiss are granted, and Hu's Complaint is

dismissed with prejudice.

### FACTUAL AND PROCEDURAL HISTORY

Hu brought his original complaint against the ABA on February 20, 2008. (R. 1, Compl.

¶ 1.) The ABA filed a motion to dismiss on April 11, 2008. (R. 14.) On April 22, 2008, instead

of responding to the ABA's motion, Hu amended his complaint to add IIT as a Defendant and to add factual and legal allegations. (R. 21, Am. Compl.)

Hu began taking classes at IIT in 1990, and stopped taking classes there in 1991. (R. 21, Am. Compl. ¶¶ 12, 17.) On February 15, 2008, in response to Hu's inquiry, IIT informed Hu that the law school credits he earned in 1990 and 1991 were no longer valid under section 304(c) of the ABA Standards for the Approval of Law Schools ("Standard 304(c)"). (*Id.* ¶ 22.) On March 15, 2008, IIT rejected Hu's application to re-enroll at the law school. (*Id.* ¶ 23.)

Hu alleges that during the past decade, he tried several times to "re-enroll" at the law school, but "was unable to do so partially because ABA rules disallowing Hu's past credits." (*Id.* ¶ 18.) The Complaint does not describe the nature or number of Hu's "several" previous attempts to "re-enroll" at IIT. The remainder of the Complaint contains Hu's legal arguments, in which Hu in essence argues that Standard 304(c) is unconstitutional, that the ABA violated his rights when it adopted the Standard, and that IIT violated his rights when it enforced the Standard. (*Id.* ¶¶ 32, 42, 49.)

## **LEGAL STANDARD**

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007)). To survive a motion to dismiss, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the

2

plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

### I.    ABA Standard 304(c)

The ABA is a professional organization that, among its many functions, accredits law schools. (R. 21, Am. Compl. ¶¶ 14, 21.) Illinois Supreme Court Rule 703(b) mandates that applicants to the Illinois Bar "shall have pursued a course of law studies and fulfilled the requirements for and received a first degree in law from a law school approved by the American Bar Association. Each applicant shall make proof that he has completed such law study and received a degree, in such manner as the Board of Admissions to the Bar shall require." ILCS S. Ct. Rule 703(b). The ABA Standards for the Approval of Law Schools govern the ABA's accreditation decisions for law schools. (R. 26, ABA Mot. at 2.) Standard 304(c) provides that an ABA-accredited law school "shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later then 84 months after a student has commenced law study at the law school." (R. 26-2, ABA Mot., Ex. A., ABA Standard 304.)

### II.    State Action Requirement for Section 1983 Claims

Hu brings his claims under Section 1983, alleging that ABA Standard 304(c) and IIT's enforcement of the Standard violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (R. 21, Am. Compl. ¶¶ 32, 42, 49.) It is well-established, however, that the protections of the Fourteenth Amendment do not extend to private conduct. *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (citing *Blum v. Yaretsky*, 457 U.S.

3

991, 1002 (1982)). Thus, in order to state a claim under Section 1983, a plaintiff must allege not only that the defendant violated his constitutional rights, but also that the defendant was acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

The state action, or "under the color of state law,"[1] analysis is a "necessarily fact-bound inquiry." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001). "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 295 (internal citations and quotations omitted). "[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient . . ." *Id.* Courts look to whether: the challenged activity results from the State's exercise of coercive power; the State provides significant encouragement to the private entity; the private entity operates as a "willful participant in joint activity with the State or its agents;" the private entity is controlled by an agency of the State; the challenged activity has been delegated a public function by the State; the challenge activity is "entwined with governmental policies;" or the government is entwined in the private entity's management or control. *Id.* at 296 (internal citations omitted).

The Seventh Circuit has summarized the Supreme Court's list of factors for determining whether a private party will be deemed to have acted under "color of state law" into the question of whether the State "either (1) effectively directs or controls the actions of the private party such

---

[1] If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for Section 1983 purposes. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

4

that the state can be held responsible for the private party's decision; or (2) delegates a public function to a private entity." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004) (internal citations and quotations omitted). The public function test examines whether the state has delegated to the private entity a function which is "exclusively reserved" to the State. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005). This is a "rigorous standard that is rarely satisfied." *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (internal quotations and citations omitted). To determine whether the State effectively directs or controls the actions of the private party, the Court examines whether the State exerts such coercive power over the private entity or provides such significant encouragement that the activity should be considered state action. *Brentwood Acad.*, 531 U.S. at 296; *Cornish*, 402 F.3d at 550. The Court also looks to whether the private entity and the government are willful, joint participants, or so entwined in the joint activity, that the State effectively directs or controls the private entity's actions. *Id.*

Although these are usually fact-intensive inquiries, appellate courts routinely affirm dismissals under Rule 12(b)(6) where the plaintiff cannot show that the defendants are state actors for purposes of liability under Section 1983. *See, e.g., Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 783-84 (6th Cir. 2007) (affirming dismissal of Section 1983 claims because plaintiff did not make showing that defendants were state actors); *Leshko*, 423 F.3d at 347 (same); *Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) (reversing denial of motion to dismiss, remanding, and ordering dismissal where plaintiff did not make showing that defendants were state actors); *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 113 (2d Cir. 2003) (affirming dismissal of Section 1983 claims because plaintiff did not make showing that defendants were state actors); *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 749 (9th

5

Cir. 2003) (same). In fact, in a case discussed further below, the Seventh Circuit affirmed the
dismissal of Section 1983 claims against the ABA and other bar associations because they were
found not to be state actors. *See Lawline v. Am. Bar Ass'n*, 956 F.2d 1378 (7th Cir. 1992).

## A.      Section 1983 Claims Against IIT

Hu argues that his Section 1983 claims against IIT should not be dismissed because IIT
acted under color of state law when it enforced ABA Standard 304(c). Hu faces an uphill battle
in showing that IIT, a private university, acted under color of state law. In general, a plaintiff
may not sue a private university under Section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830,
840 (1982) (holding that private school did not engage in state action despite receipt of public
funds and high degree of state regulation); *see also Slovinec v. DePaul Univ.*, 332 F.3d 1068,
1069 (7th Cir. 2003) (stating that former student could not use Section 1983 to sue private
university). Even "extensive and detailed regulation" of schools by the State do not turn the
schools' actions into state conduct. *Rendell-Baker*, 457 U.S. at 840 (citing *Blum*, 457 U.S. at
1011).

Applying the tests set out above to determine whether IIT should be treated as a state
actor for purposes of Section 1983, the Court first asks whether the State delegated an
exclusively public function to IIT. *See Johnson*, 372 F.3d at 896. Education, however, is not the
exclusive province of the State. *Rendell Baker*, 457 U.S. at 842. Moreover, even if law school
education could be deemed a subset of the State's control over the regulation of the practice of
law, Hu has not alleged—and there is no basis for arguing—that Illinois has delegated this
function to IIT or any law school.

Second, the Court asks whether Hu has alleged that the State effectively directs or

6

controls the actions of IIT such that the State can be held responsible for IIT's decision to reject

Hu's re-enrollment application. *Johnson*, 372 F.3d at 896. Hu's Complaint contains no

allegations that the State exerted coercive power or provided significant encouragement for IIT's

decision to reject Hu's application. *See Cornish*, 402 F.3d at 550. Hu's only support for his

claim that IIT is a state actor is the Illinois Supreme Court's mandate under Rule 703(b) that IIT

follow the ABA's rules; however, neither general government involvement nor detailed and

extensive regulation or public funding is sufficient to find state action. *Sherman v. Cmty.*

*Consol. Sch. Dist. 21 of Wheeling*, 8 F.3d 1160, 1168 (7th Cir. 1993) (citing *Rendell-Baker*, 457

U.S. at 840); *see also Blum*, 457 U.S. at 1004. In fact, the Seventh Circuit has affirmed dismissal

of a suit against IIT in the past where the plaintiff could not show IIT was a state actor. In *Cohen*

*v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975), the plaintiff brought a Section

1983 claim after having been denied professorial tenure. *Id.* at 827. In that case, the plaintiff

alleged that IIT should be considered a state actor for purposes of Section 1983 because it was

"pervasively regulated by the state." *Id.* at 824. The Seventh Circuit rejected the plaintiff's

arguments, holding that although IIT received substantial financial support from the State, the

"mere existence of detailed regulation of a private entity does not make every act, or even every

regulated act, of the private firm, the action of the State." *Id.* at 826-27.

Here, Hu does not allege any State control over IIT beyond the detailed regulation of law

school accreditation. Moreover, Hu's Complaint contains no allegations that the State directly

participated in IIT's decision to reject Hu's application for re-enrollment. *See Cornish*, 402 F.3d

at 551. Viewing the Complaint in the light most favorable to Hu, and accepting all facts alleged

as true, the Complaint still fails to allege facts establishing that IIT's decision to reject Hu's

7

application is attributable to the State. Accordingly, Hu's Section 1983 claims against IIT are dismissed with prejudice.

## B.    Section 1983 Claims Against the ABA

Hu also alleges that his Section 1983 claims against the ABA should survive the motion to dismiss because the ABA acted under color of state law when it enacted ABA Standard 304(c). The United States Supreme Court has addressed the issue of whether the ABA's formulation of certain rules constitutes state action. In *National Collegiate Athletic Association v. Tarkanian*, the Supreme Court explained that although a state supreme court's enforcement of disciplinary rules against members of the state bar constitutes state action, "[i]t does not follow [] that the ABA's formulation of those disciplinary rules was state action." 488 U.S. 179, 194 (1988) (citing *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977)). The Supreme Court reasoned that although the state supreme court had adopted the rules of the ABA Code of Professional Responsibility *in toto*, the ABA's formulation of the rules did not constitute state action because the state supreme court "retained plenary power to reexamine those standards and, if necessary, to reject them and promulgate its own." *Id.* (citing *Bates*, 433 U.S. at 362).[2]

Following *Tarkanian*, the Seventh Circuit has held that the ABA and state bar associations do not engage in state action by formulating and enforcing disciplinary rules. *Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1384 (7th Cir. 1992) (citing *Tarkanian*, 488 U.S. at 194). The Seventh Circuit reasoned that because the Illinois Supreme Court has the power to

---

[2] Moreover, the *Tarkanian* Court held that the National Collegiate Athletic Association ("NCAA") was not a state actor because the NCAA was a "collective membership" of several states, such that it could not be a "surrogate for one State." *Brentwood Academy*, 531 U.S. at 297-98 (citing *Tarkanian*, 488 U.S. at 193). Here, the ABA likewise has a "collective membership" of several states and should not be considered a surrogate for the State of Illinois.

8

prescribe rules governing attorney conduct, the adoption of the bar associations' rules by the

Illinois Supreme Court was voluntary and did not transform the bar associations into state actors.

*Id.* at 1384-85.

The same reasoning follows with regard to law school admissions standards. In this case,

the Illinois Supreme Court rules mandate that law schools be accredited by the ABA, which has

set out its accreditation guidelines in the Standards. The Illinois Supreme Court's voluntary

decision to adopt the ABA's accreditation rules does not transform the ABA's rules into state

rules nor does it transform the ABA into a state actor. *See Lawline*, 956 F.2d at 1384. The

Illinois Supreme Court maintains the power to prescribe rules regulating admission to the Illinois

Bar and has not delegated its authority to the ABA so as to transform the ABA into a state actor.

*See id.* at 1384-85; *see also Rohan v. Am. Bar Ass'n*, No. 93 C 1338, 1995 WL 347035, at *5-7

(E.D.N.Y. May 31, 1995) (holding that New York did not delegate its authority to license

attorneys to the ABA even though the State effectively requires study at an ABA accredited law

school).

Moreover, the Complaint contains no allegations that the State exerted coercive power or

provided significant encouragement to the ABA to enact Standard 304(c), or that the State

willfully or jointly participated in the ABA's decision to enact Standard 304(c). *See Brentwood

Acad.*, 531 U.S. at 295. Thus, the Illinois Supreme Court's adoption of ABA Standard 304(c) is

insufficient to demonstrate that the ABA acted under color of state law, and Hu thus cannot state

a Section 1983 claim against the ABA.

9

## CONCLUSION

For the reasons stated above, both the American Bar Association's (R. 26) and the Illinois

Institute of Technology's (R. 28) motions to dismiss are granted as to all of Hu's claims, and

Hu's Amended Complaint is dismissed with prejudice.

Date:  July 24, 2008                    ENTERED:

                                          **Ruben Castillo**
                                          **United States District Judge**

Case 1:08-cv-01033   Document 44   Filed 08/22/2008   Page 16 of 22
Case 1:08-cv-01033   Document 37   Filed 07/24/2008   Page 1 of 1
AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Yaodi Hu

      v.

American Bar Association, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 08 C 1033

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came before the Court and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the Defendants, American Bar Association and Illinois Institute of Technology and against Plaintiff, Yaodi Hu.
This cause of action is dismissed in its entirety. There being no just reason for delay, this is a final and appealable order.

Michael W. Dobbins, Clerk of Court

Date: 7/24/2008

*Ruth O'Shea*

Ruth O'Shea, Deputy Clerk

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1033 | **DATE** | 8/11/2008 |
| **CASE TITLE** | Yaodi Hu vs. American Bar Association and Illinois Institute of Technology | | |

**DOCKET ENTRY TEXT**

On July 24, 2008, this Court entered a memorandum opinion and order dismissing Plaintiff Yaodi Hu's First Amended Complaint against Defendants, the American Bar Association and the Illinois Institute of Technology, because neither Defendant was a state actor. (R. 36.) On August 5, 2008, Hu filed a motion to reconsider on the grounds that this Court failed to accept as true all well-pleaded material facts in Hu's complaint under Rule 12(b)(6). (R. 38.) As this Court explained in its prior opinion, a Section 1983 claim cannot stand against a non-state actor. *See Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996). This is not a "fact" for Hu to plead; rather, this is a rule of law which Hu cannot plead around. Neither the ABA nor IIT are state actors, and Hu's complaint thus fails as a matter of law. (*See* R. 36, Mem. Op. and Order at 6-9.) Accordingly, Hu's motion for reconsideration (R. 38) is denied. Hu has also filed a motion to amend his complaint a second time to add one non-Section 1983 count, alleging that the ABA committed price fixing in violation of the Sherman Act "by interpreting and enforcing [ABA] Standard 304(c) rigidly." (R. 39, Mot. to Amend; Ex. 1, proposed Second Am. Compl. ¶ 67.) Standard 304(c), however, has nothing to do with price fixing. It provides that an ABA-accredited law school "shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later than 84 months after a student has commenced study at the law school." Moreover, the Court is aware of no precedent suggesting that "interpreting and enforcing" a statute could ever lead to price fixing. As Hu's Sherman Act allegation has no basis in law or fact, and it is within the Court's discretion to deny leave to amend, *see Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008), the Court denies Hu's motion to amend. (R. 39.)

Docketing to mail notices.

U.S. DISTRICT COURT
CLERK

2008 AUG 11  PM 3: 02

FILED

APPEAL, ASHMAN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-01033
## Internal Use Only

| | |
|---|---|
| Hu v. American Bar Association | Date Filed: 02/20/2008 |
| Assigned to: Honorable Ruben Castillo | Date Terminated: 07/24/2008 |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jury Demand: None |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Yaodi Hu** | represented by | **Yaodi Hu** |
| | | 219 W. Cermak |
| | | Chicago, IL 60616 |
| | | Email: yaodi_hu@sbcglobal.net |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **American Bar Association** | represented by | **Michael P. Doss** |
| | | Sidley Austin LLP |
| | | One South Dearborn Street |
| | | Suit e32-E-21 |
| | | Chicago, IL 60603 |
| | | 312-853-7920 |
| | | Email: mdoss@sidley.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Illinois Institute of Technology** | represented by | **Terence Edward Flynn** |
| | | Flynn & Jones |
| | | 19 S. LaSalle St. |
| | | Suite 1300 |
| | | Chicago, IL 60603 |
| | | (312) 346-1378 |
| | | Email: terence.flynn.esq@gmail.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2008 | 1 | COMPLAINT filed by Yaodi Hu; Filing fee $ 350.(gej, ) (Entered: 02/21/2008) |
| 02/20/2008 | 2 | CIVIL Cover Sheet (gej, ) (Entered: 02/21/2008) |
| 02/20/2008 | 3 | (Court only) RECEIPT regarding payment of filing fee paid on 2/20/2008 in the amount of $350.00, receipt number 10914117. (gej, ) (Entered: 02/21/2008) |
| 02/20/2008 | 4 | SUMMONS Issued as to Defendant American Bar Association. (gej, ) (Entered: 02/21/2008) |
| 02/20/2008 | 11 | PRO SE Appearance by Plaintiff Yaodi Hu. (Previously misplaced document). (gmr, ) (Entered: 03/20/2008) |
| 02/28/2008 | 5 | SUMMONS Returned Executed by Yaodi Hu as to American Bar Association on 2/20/2008, answer due 3/11/2008. (Attachments: # 1 Appendix back page of summon)(Hu, Yaodi) (Entered: 02/28/2008) |
| 02/29/2008 | 6 | ATTORNEY Appearance for Defendant American Bar Association by Michael P. Doss (Doss, Michael) (Entered: 02/29/2008) |
| 02/29/2008 | 7 | MOTION by Defendant American Bar Association for extension of time to file answer regarding complaint 1 (Doss, Michael) (Entered: 02/29/2008) |
| 02/29/2008 | 8 | NOTICE of Motion by Michael P. Doss for presentment of motion for extension of time to file answer, motion for relief 7 before Honorable Ruben Castillo on 3/5/2008 at 09:45 AM. (Doss, Michael) (Entered: 02/29/2008) |
| 03/03/2008 | 9 | NOTICE by Yaodi Hu *agreement to ABA's Motion to extend time for 30 days* (Hu, Yaodi) (Entered: 03/03/2008) |
| 03/03/2008 | 10 | MINUTE entry before Judge Ruben Castillo :Defendant's motion for extension of time to respond 7 is granted. Defendant to answer or otherwise plead to the complaint on or before 4/11/2008. Motion hearing set for 3/5/2008 is vacated. Parties to file a joint status report on or before 4/17/2008. The Court will hold a status hearing in open court on 4/22/2008 at 9:15 AM.Mailed notice (rao, ) (Entered: 03/03/2008) |
| 04/11/2008 | 12 | ATTORNEY Appearance for Defendant American Bar Association by Michael P. Doss (Doss, Michael) (Entered: 04/11/2008) |
| 04/11/2008 | 13 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by American Bar Association (Doss, Michael) (Entered: 04/11/2008) |
| 04/11/2008 | 14 | MOTION by Defendant American Bar Association to dismiss *Plaintiff's Complaint* (Doss, Michael) (Entered: 04/11/2008) |
| 04/11/2008 | 15 | MEMORANDUM by American Bar Association in support of motion to dismiss 14 (Attachments: # 1 Declaration of Susan Spies Roth, # 2 Exhibit A) (Doss, Michael) (Entered: 04/11/2008) |
| 04/11/2008 | 16 | NOTICE of Motion by Michael P. Doss for presentment of motion to dismiss 14 before Honorable Ruben Castillo on 4/22/2008 at 09:15 AM. (Doss, Michael) (Entered: 04/11/2008) |

| 04/11/2008 | 17 | MEMORANDUM by American Bar Association in support of motion to dismiss 14 (Attachments: # 1 Declaration of Susan Spies Roth, # 2 Exhibit A) (Doss, Michael) (Entered: 04/11/2008) |
|---|---|---|
| 04/15/2008 | 18 | MINUTE entry before Judge Honorable Ruben Castillo:The status hearing set for 4/22/2008 will begin at 9:45 AM. Defendant's motion to dismiss 14 is entered and continued to 4/22/2008 at 9:45 AM.Mailed notice (rao, ) (Entered: 04/15/2008) |
| 04/17/2008 | 19 | STATUS Report *(Joint Initial)* by Yaodi Hu, American Bar Association (Doss, Michael) (Entered: 04/17/2008) |
| 04/22/2008 | 20 | MINUTE entry before Judge Honorable Ruben Castillo:Status hearing held on 4/22/2008. Plaintiff's response to defendant's motion to dismiss 14 is due on or before 5/22/2008. Defendant's reply will be due on or before 6/6/2008. The Court will rule by mail. All discovery is stayed until the Court rules on the motion to dismiss.Mailed notice (rao, ) (Entered: 04/22/2008) |
| 04/22/2008 | 21 | *first* AMENDED complaint by Yaodi Hu against all defendants (Hu, Yaodi) (Entered: 04/22/2008) |
| 05/06/2008 | 22 | SUMMONS Issued as to Defendant Illinois Institute of Technology. (gej, ) (Entered: 05/06/2008) |
| 05/09/2008 | 23 | SUMMONS Returned Executed by Yaodi Hu as to Illinois Institute of Technology on 5/8/2008, answer due 5/28/2008. (Attachments: # 1 Supplement returned summon back)(Hu, Yaodi) (Entered: 05/09/2008) |
| 05/27/2008 | 24 | ATTORNEY Appearance for Defendant Illinois Institute of Technology by Terence Edward Flynn (Flynn, Terence) (Entered: 05/27/2008) |
| 05/28/2008 | 25 | MOTION by Defendant American Bar Association to dismiss *Plaintiff's First Amended Complaint* (Doss, Michael) (Entered: 05/28/2008) |
| 05/28/2008 | 26 | MEMORANDUM by American Bar Association in support of motion to dismiss 25 (Attachments: # 1 Declaration of Susan Spies Roth)(Doss, Michael) (Entered: 05/28/2008) |
| 05/28/2008 | 27 | NOTICE of Motion by Michael P. Doss for presentment of motion to dismiss 25 before Honorable Ruben Castillo on 6/4/2008 at 09:45 AM. (Doss, Michael) (Entered: 05/28/2008) |
| 05/30/2008 | 28 | MOTION by Defendant Illinois Institute of Technology to dismiss (Flynn, Terence) (Entered: 05/30/2008) |
| 05/30/2008 | 29 | MINUTE entry before the Honorable Ruben Castillo:Plaintiff's response to Defendant American Bar Association's motion to dismiss Plaintiff's first amended complaint 25 and Defendant Illinois Institute of Technology's motion to dismiss 28 is due on or before 6/23/2008. Defendants' replies will be due on or before 7/3/2008. The Court will rule by mail. Motion hearing set for 6/4/2008 is vacated. Discovery is stayed until the Court rules on the pending motions to dismiss.Mailed notice (rao, ) (Entered: 05/30/2008) |
| 06/05/2008 | 30 | MINUTE entry before the Honorable Ruben Castillo:Defendant American Bar |

| | | |
|---|---|---|
| | | Association's motion to dismiss 14 is denied as moot. The briefing schedule on defendant American Bar Association's motion to dismiss amended complaint 25 and defendant Illinois Institute of Technology's motion to dismiss 28 will stand.Mailed notice (rao, ) (Entered: 06/05/2008) |
| 06/06/2008 | 31 | RESPONSE by Yaodi Huin Opposition to MOTION by Defendant American Bar Association to dismiss *Plaintiff's First Amended Complaint* 25 (Hu, Yaodi) (Entered: 06/06/2008) |
| 06/09/2008 | 32 | RESPONSE by Yaodi Huin Opposition to MOTION by Defendant Illinois Institute of Technology to dismiss 28 (Hu, Yaodi) (Entered: 06/09/2008) |
| 07/02/2008 | 33 | REPLY by Illinois Institute of Technology to response in opposition to motion 32 (Flynn, Terence) (Entered: 07/02/2008) |
| 07/03/2008 | 34 | REPLY by American Bar Association to MOTION by Defendant American Bar Association to dismiss *Plaintiff's First Amended Complaint* 25 (Doss, Michael) (Entered: 07/03/2008) |
| 07/24/2008 | 35 | MINUTE entry before the Honorable Ruben Castillo: Enter Memorandum Opinion and Order. American Bar Association's motion to dismiss 25 and the Illinois Institute of Technology's motion to dismiss 28 are granted. This case is hereby dismissed with prejudice. Civil case terminated. Mailed notice (gmr, ) (Entered: 07/29/2008) |
| 07/24/2008 | 36 | MEMORANDUM Opinion and Order Signed by the Honorable Ruben Castillo on 7/24/2008. (gmr, ) (Entered: 07/29/2008) |
| 07/24/2008 | 37 | ENTERED JUDGMENT. (gmr, ) (Entered: 07/29/2008) |
| 08/05/2008 | 38 | MOTION by Plaintiff Yaodi Hu to set aside judgment *rule 59 (e) motion* (Hu, Yaodi) (Entered: 08/05/2008) |
| 08/05/2008 | 39 | MOTION by Plaintiff Yaodi Hu to amend/correct *Rule 15 (a) motion* (Attachments: # 1 Appendix second amended complaint)(Hu, Yaodi) (Entered: 08/05/2008) |
| 08/11/2008 | 40 | MINUTE entry before the Honorable Ruben Castillo: On July 24, 2008, this court entered a memorandum, opinion and order dismissing Plaintiff Yaodi Hu's First Amended Complaint against Defendants, the American Bar Association and the Illinois Institute of Technology, because neither Defendant was a state actor. (R.36) On August 5, 2008, Hu filed a motion to reconsider on the grounds that this Court failed to accept as true all well-pleaded material facts in Hu's complaint under Rule 12(b)(6). (R. 38) As this Court explained in its prior opinion, a Section 1983 claim cannot stand against a non-state actor. See Wade v. Byles, 83 F. 3d 902, 904-05 (7th Cir. 1996). This is not a "fact" for Hu to plead; rather, this is a rule of law which Hu cannot plead around. Neither the ABA nor IIT are state actors, and Hu's complaint thus fails as a matter of law. (See R. 36, Mem. Op. and Order at 6-9.) Accordingly, Hu's motion for reconsideration (R.38) is denied. Hu has also filed a motion to amend his complaint a second time to add one non-Section 1983 count, alleging that the ABA committed price fixing in violation of the Sherman Act "by interpreting and enforcing [ABA] Standard 304(c) rigidly." (R. 39, Mot. to Amend; Ex 1, |

| | | proposed Second Am. Compl. 67.) Standard 304(c), however, has nothing to do with price fixing. It provides that an ABA-accredited law school "shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later that 84 months after a student has commenced study at the law school." Moreover, the Court is aware of no precedent suggesting that "interpreting and enforcing" a statue could ever lead to price fixing. As Hu's Sherman Act allegation has no basis in law or fact, and it is within the Court's discretion to deny leave to amend, see Pugh v. Tribune Co., 521 F.3d 686, 698 (7th Cir, 2008), the Court denies Hu's motion to amend. (R. 39.)Mailed notice. (kjc, ) (Entered: 08/12/2008) |
|---|---|---|
| 08/21/2008 | 41 | NOTICE of appeal by Yaodi Hu regarding orders 35 , 36 , 37 , 40 Filing fee $ 455. (Hu, Yaodi) (Entered: 08/21/2008) |
| 08/21/2008 | 42 | DOCKETING Statement by Yaodi Hu regarding notice of appeal 41 (Hu, Yaodi) (Entered: 08/21/2008) |
| 08/22/2008 | 43 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 08/22/2008) |